PIERCE, Judge.
Marshall Burgess appeals from a judg-ment of conviction entered against him in the Court below, wherein he was first grant■ed probation which was later revoked by the same trial Judge.
Burgess was informed against on January 14, 1966, in the Pinellas County Circuit ■Court, charged with breaking and entering with intent to commit a misdemeanor. On February 11, 1966, upon plea of not guilty, he was tried before a jury which returned a verdict on the same day of guilty as -charged. Motion for new trial was filed in his behalf on February 18, 1966, which motion was denied by the Court on April 4, 1966. Previously, on March 30, 1966, Burgess was adjudged guilty by the Court, was sentenced to five years imprisonment, and placed on probation for five years.
On April 11, 1966, Burgess was charged -in an affidavit filed in the cause by the 'Probation Supervisor with violation of the -terms of said probation, specifically, that on April 9, 1966, Burgess had been convicted -after trial by the St. Petersburg Municipal •Court of the offense of “Public Intoxication” in direct contravention of a probation -condition that he “absolutely abstain from -the use of alcoholics in any form.” On April 29, 1966, after hearing upon said affidavit, the trial Judge revoked the previous probation order and remanded Burgess to custody of the sheriff to serve the five years imprisonment sentence.
On July 20, 1966, there was filed a notice -of appeal to this Court “from the Order, Judgment and Sentence * * * entered in this cause on the 30th day of March, 1966,” which notice was purportedly signed by Burgess “at Raiford, Florida, this 8 day of July, 1966,” and copy whereof was served on the State Attorney on July 20, 1966. No mention was made in the notice of appeal of the order for revocation of probation entered on April 29, 1966.
We are faced here with a question of jurisdiction. The notice of appeal aforesaid was obviously filed beyond the 90 day period allowed for appealing the March 30, 1966, judgment and sentence, even computing the time from April 1st, 1966, the date of entry of order denying the motion for new trial. And it is equally obvious that the order of April 29, 1966, cannot be reviewed here under the notice of appeal filed July 20, 1966, because the notice of appeal was not to review that particular order. Indeed, counsel for Burgess have made no reference to said revocation order in their assignments of error nor have they alluded to same in their brief.
So the only thing before us here is an attempted appeal from a judgment and sentence rendered more than 90 days before notice of appeal was filed. In such situation, we have no jurisdiction and must dismiss the appeal ex mero motu.
F.S. Section 924.09, F.S.A. provides:
“924.09 When appeal to be taken by defendant
An appeal may be taken by the defendant only within ninety days after the judgment, sentence, or order appealed from is entered, except that an appeal by a person who has not been granted probation may be taken from both judgment and sentence within ninety days after the sentence is entered.”
F.S. Section 924.06, F.S.A. provides:
“924.06 Appeal by defendant
An appeal may be taken by the defendant only from:
(1) A final judgment of conviction when probation has not been granted under chapter 948.
*700 (2) An order granting probation under chapter 948, such appeal to be in the same manner and with the same scope and same effect as if judgment of conviction had been entered and appealed from.
(3) An order revoking probation under chapter 948; in case of such an appeal, only the proceedings after the order of probation may be considered or reviewed.
(4) A sentence, on the ground that it is excessive or illegal.”
From the foregoing statutory provisions it appears that an appeal from a judgment of conviction may be taken within 90 days after the judgment is entered, whether probation has been granted or not granted. It further appears that, if probation is granted and subsequently revoked, appeal may be taken from such order of revocation within 90 days thereafter, but in such event the proceedings only subsequent to the original probation order may be reviewed upon appeal. Rules 6.2 and 6.4 of the Florida Appellate Rules, 31 F.S.A. are in conformity with the statutory provisions.
This appellate Court has no jurisdiction over criminal appeals which are not filed within a period of 90 days from rendition of the judgment and sentence, and such appeals are required to be dismissed. Donald v. State, Fla.App.1964, 166 So.2d 453. Of course, where a motion for new trial has been timely filed by defendant, the 90 day period does not begin to run until after the order overruling such motion has been entered and filed. Rule 1.3, Florida Appellate Rules. A reviewing Court has no jurisdiction to review a conviction on appeal where the notice of appeal has not been filed with the Clerk of the trial Court within the time limited by the appellate rules and by the Statutes. Henry v. State, Fla.App.1964, 163 So.2d 24. One convicted of a crime under the laws of Florida is entitled to have his conviction reviewed, but he must proceed in an orderly fashion in accordance with the applicable statutes and rules. State ex rel. Ervin v. Smith, Fla.1964, 160 So.2d 518; Sullivan v. Mayo, Fla.1960, 121 So.2d 424.
Appeal dismissed.
ALLEN, C. J., and HOBSON, J., concur.