293 So.2d 135 (1974)
Otis Lee HARDRICK, Appellant,
v.
STATE of Florida, Appellee.
No. 73-32.
District Court of Appeal of Florida, Second District.
April 19, 1974.
James A. Gardner, Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellant Hardrick was convicted of breaking and entering a telephone booth with intent to commit a felony, to wit: grand larceny, and grand larceny. The trial judge withheld adjudication of guilt and imposition of sentence, and placed Hardrick on probation for a term of five years. Hardrick did not appeal the order granting probation.
Some months after his conviction, Hardrick was charged with violating the terms of his probation. Hardick pled guilty to the charge, probation was revoked and he was sentenced to 15 years for breaking and entering and to a concurrent sentence of five years for grand larceny. Hardrick appealed.
Hardrick contends that there was insufficient evidence to convict him of the charge of breaking and entering, relying on Jackson v. State, Fla.App.2d 1972, 259 So.2d 739, and State v. Jackson, Fla. 1973, 281 So.2d 353. In State v. Jackson the Supreme Court held that the convictions of Hardrick's co-defendants Jackson and Fisher for breaking and entering a telephone booth with intent to commit a felony could not be sustained because the implied consent to enter must be negated. The opinion of this court in Jackson was modified and the reversal of convictions for breaking and entering was affirmed since non-consent to enter was not established by the evidence.
Hardrick also contends that the evidence as to the value of the property taken was not sufficient to convict him of the charge of grand larceny.
Hardrick is thereby attempting to attack proceedings prior to the order of probation. F.S. Section 924.06 F.S.A. provides that an appeal of an order revoking probation may review only proceedings after the order of probation. The question of sufficiency of the evidence could or should have been raised by direct appeal from the order placing Hardrick on probation. McGriff v. State, Fla.App.3d 1972, 259 So.2d 508. *136 See Delaney v. State, Fla. 1966, 190 So.2d 578; Burgess v. State, Fla.App. 1967, 194 So.2d 698.
Hardrick next contends that the lower court illegally imposed two separate concurrent sentences for offenses which were shown by the record to be facets of the same transaction, asserting that the only sentence that should have been imposed was for the highest offense. Cone v. State, Fla. 1973, 285 So.2d 12.
In Edmond v. State, Fla.App.2d 1973, 280 So.2d 449, we held that the imposition of a maximum sentence of 15 years for breaking and entering with intent to commit a felony precludes the additional imposition of a maximum sentence for grand larceny shown as proof of felonious intent. See also Baggett v. State, Fla. App.2d 1974, 287 So.2d 336; Gelis v. State, Fla.App.2d 1973, 287 So.2d 368; Nettles v. State, Fla.App.2d 1974, 293 So.2d 378.
Accordingly, this cause is remanded to the trial court with directions to vacate the sentence on the lesser offense of grand larceny.
The order appealed is affirmed in all other respects.
McNULTY and BOARDMAN, JJ., concur.