305 So.2d 309 (1974)
Jonathan BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 74-833.
District Court of Appeal of Florida, Fourth District.
December 27, 1974.
Richard L. Jorandby, Public Defender, Kenneth J. Scherer, Asst. Public Defender, and B. Douglas Hindmarsh, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Defendant was placed upon probation following a criminal offense. His probation was subsequently revoked. Defendant appeals. We affirm.
The probation condition involved was, "In all respects live honorably, work diligently at a lawful occupation, and support dependents, if any, to the best of defendant's ability, and live within what income is available."
The violation charged, which lead to revocation, was failing to "live honorably" for the second time, to-wit: unlawfully breaking and entering a dwelling house with intent to commit petit larceny.
Two appellate points are presented:
I. Whether requiring a probationer to "in all respects live honorably" is an *310 unconstitutionally vague condition of probation?
We decline to assay its merit. Section 924.06(2), F.S. 1973, Appeal by defendant, provides:
"924.06 Appeal by defendant. 
* * * * * *
"(2) An appeal of an order granting probation shall proceed in the same manner and have the same effect as an appeal of a judgment of conviction. An appeal of an order revoking probation may review only proceedings after the order of probation... ." (Emphasis supplied.)
Thus, the above statute clearly limits this appeal to review of proceedings that occurred after the entry of the order of probation. Probation is a matter of grace and when the defendant chose to accept the conditions of his probation he can not now, having violated those conditions, challenge the order. If he had any grievance, he could have either refused probation or appealed the order and its contents. Section 924.06(2) F.S. 1973; Hardrick v. State, 293 So.2d 135 (2d D.C.A.Fla. 1974).
The second appellate point is:
II. Whether a revocation of probation based solely on hearsay should be vacated?
We have examined the record and, while there is hearsay evidence reflected, there is additional direct, competent evidence sufficient to substantiate the appealed order. For instance, an officer testified that he arrested the defendant at the scene of the burglary and received oral and written consent to search defendant's car. The officer did so and found two watches hidden therein, identified as the burglary loot. The watches were admitted into evidence. See White v. State, 301 So.2d 464 (1st D.C.A.Fla. 1974); Hampton v. State, 276 So.2d 497 (3d D.C.A.Fla. 1973); Crossin v. State, 244 So.2d 142 (4th D.C.A.Fla. 1971); Franklin v. State, 226 So.2d 461 (2d D.C. A.Fla. 1969); McNeely v. State, 186 So.2d 520 (2d D.C.A.Fla. 1966).
We find no reversible error.
Affirmed.
OWEN, C.J., and MAGER, J., concur.