ROBERTS, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, in Hardrick v. State, reported at 293 So.2d 135 (Fla.App.2nd, 1974), which directly conflicts with Estevez v. State, 290 So.2d 138 (Fla.App.3d, 1974), decision approved by this Court 313 So.2d 692 (Fla. 1975). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Respondent was convicted of breaking and entering with intent to commit a felony and grand larceny. Adjudication of guilt and imposition of sentences were withheld by the trial court, and respondent was charged with violating his probation, pled guilty, his probation was revoked, and he was sentenced to 15 years for breaking and entering and to a concurrent term of 5 years for grand larceny.
The District Court affirmed the order of the trial court in all respects with the exception of the imposition of two separate concurrent sentences for the crimes of breaking and entering and grand larceny. *696 Relying on its previous decision of Edmond v. State, 280 So.2d 449 (Fla.App. 1973), the District Court determined that sentence could be imposed only for the highest offense since the offenses were facets of the same transaction.
The sole point before us for review is the propriety of the imposition of the two concurrent sentences by the trial court. In view of our recent decision in Estevez v. State, supra, this cause is remanded to the District Court with ■ directions to enter a judgment not inconsistent with this opinion.
It is so ordered.
ADKINS, C. J., McCAIN and OVER-TON, JJ., and CREWS, LEE and Mc-CRARY, Circuit Judges, concur.