NATHAN, Judge.
Defendant, Michael Stuart, appeals the revocation of his probation, but so structures his argument as to attempt to challenge the jurisdictional authority of the trial court to render its judgment revoking probation. We reject his contentions and affirm the judgment of the trial court.
The essential facts are as follows. Defendant is a youth with a troubled history of mental problems which includes a low normal or mildly retarded intellectual capacity. In 1973, he was charged with ten counts of breaking and entering and nine counts of grand larceny. He pled guilty to the breaking and entering charges, and the state abandoned all grand larceny charges.
Prior to the hearing at which he pled guilty to the breaking and entering charges, defendant had undergone extensive psychiatric evaluations. The record reveals that, because the trial court was aware of and concerned with the defendant’s mental and emotional problems, particular care was taken to question him about whether he understood the nature of the charges against him, whether his guilty plea was *166 entered voluntarily, and whether he understood that he was waiving his right to a jury trial and to confront his accusers. Defense counsel was asked whether he was satisfied that Michael understood the charges and the consequences of his plea. He answered affirmatively.
After entering a finding of guilty, the court deferred sentencing until completion of extensive pre-sentence investigation. Subsequently, defendant was sentenced to one year in the county jail for one of the breaking and entering charges, and put on probation on the other charges for ten years. Michael had already served sufficient time in jail, and was placed in Genesis House, an in-custody institution, as a condition of his probation. He was to participate in the medical and psychiatric programs of Genesis House until a medical doctor determined that he was ready for release.
In late 1976, after an affidavit of violation of probation had been filed showing defendant’s arrest on another breaking and entering charge, a probation revocation hearing was held. The primary question at issue was whether the probation itself was valid. No dispute existed as to defendant’s having committed the probation violations alleged.
At this hearing, Michael’s mother, sister and brother testified that he had been induced to plead guilty by the advice of his family and trial counsel, but that they believed he had not been capable of understanding the nature and consequences of his plea. They agreed that all had believed Michael would benefit by entering a guilty plea since he was likely to receive treatment without further incarceration as a result.
Probation was revoked on all remaining cases. Defendant was sentenced to fifteen years in state prison on one case, fifteen years, to run consecutively, on another, and fifteen years sentences on the remaining cases to run concurrently with the first fifteen year term.
Defendant filed a motion to vacate his guilty pleas pursuant to Fla.R.Crim.Pro. 3.850, on grounds that he had been incompetent to enter such pleas. The motion was denied, the order of denial stating that the court had independent recollection of the case and found the defendant had been legally sane, capable of assisting counsel in his own defense and understanding the consequences of his pleas. Further the court found the entry of the pleas to have been voluntary after defendant had been specifically advised by the court that he could spend the rest of his life in prison should he violate his probation.
By this appeal, defendant does not directly contest the denial of his motion to vacate his pleas. Instead, he appeals from the judgment revoking probation, asserting that the court had no jurisdiction in the revocation hearing because the imposition of probation was void ab initio since defendant was incompetent to enter the pleas. We disagree.
If defendant is appealing the probation revocation, we are precluded by Section 924.06, Florida Statutes (Supp.1977) from entertaining his appeal. This statute provides, in pertinent part: “An appeal of an order revoking probation may review only proceedings after the order of probation.” Therefore, we have no jurisdiction to hear an appeal of probation revocation which is bottomed on events occurring prior to the order of probation. Burgess v. State, 194 So.2d 698 (Fla.2d DCA 1967); Hardrick v. State, 293 So.2d 135 (Fla.2d DCA 1974); Brown v. State, 305 So.2d 309 (Fla.4th DCA 1974); Deaver v. State, 326 So.2d 222 (Fla.2d DCA 1976).
If defendant is appealing the denial of his motion to vacate his pleas, as the substance of his argument indicates, we are at a loss to determine why he did not so designate this appeal. But since the order denying his motion was filed on the same date as the order revoking probation, and since this appeal, if considered as going solely to the issue involved in denial of defendant’s motion to vacate his plea, was timely filed, we will reach the merits of this point.
*167 The trial court in this case not only had studied the reports of the five psychiatrists, but, as noted above, diligently questioned the defendant regarding his ability to understand the nature of his plea, its volun-tariness, and the consequences involved, and carefully observed his demeanor in responding to the questions asked. Moreover, both sides stipulated that the defendant was legally sane and understood the nature and consequences of his acts both at the time the offenses were committed and at the time the pleas were entered.
Years later, after defendant has violated his probation, he seeks to establish his prior incompetency by reference to psychiatric reports already considered, and by the testimony of family members who stood mute on the issue at the time pleas were entered. The record is clear that there was ample evidence to support the trial court’s conclusion that the defendant’s pleas were competently entered, and this decision will not be reversed on appeal.
Affirmed.