NESBITT, Judge.
This is an appeal from an order of revocation of probation. Appellant contends that he had never been placed on probation for the particular offense and that entry of an order revoking such “probation” was in error. He further argues that the State failed to establish the violations of probation.
Appellant was informed against on January 20, 1972 by a two-count information charging him in Count I with conspiracy to commit arson and in Count II with arson in the second degree.
On May 15, 1972, he entered a plea of guilty to both counts of the information and was adjudged guilty. He received a two-year sentence as to Count I and a five-year probationary status as to Count II which was to commence at the expiration of his period of incarceration. Under the applicable and governing law then existing, the maximum penalty for the offense of conspiracy to commit arson was two and one-half years in the state penitentiary.[1] The maximum penalty for the substantive offense, arson in the second degree, was ten years in the state penitentiary.[2]
On June 1,1978, an affidavit of probation violation was filed alleging, among other things, the appellant’s attempt to commit robbery and murder on May 15, 1978. The revocation hearing thereon was conducted on July 14, 1978 at which time testimony culpably implicating the appellant for the above violation was established. At the conclusion of the hearing, the trial court entered an order revoking appellant’s probation on both of the counts of the above information and sentenced him to two five-year sentences to run concurrently. This was error. Appellant had never been placed on probation as to Count I in the first instance. Instead, the court sentenced him to two years of imprisonment. The court had no predicate or basis upon which to proceed to conduct a revocation proceeding in this posture.
The court properly revoked appellant’s probation with respect to the offense of arson in the second degree since the affidavit of probation violation was filed before the expiration of the original term of probation. See Patrick v. State, 336 So.2d 1253 (Fla. 1st DCA 1976). The violation was clearly proven.
Accordingly, the order of July 14, 1978 revoking appellant's probation for the offense of conspiracy to commit arson in the second degree is reversed with directions to vacate such sentence.

. § 833.04, Fla.Stat. (1969).

. § 806.02, Fla.Stat. (1969).