421 So.2d 581 (1982)
David Richard GALLAGHER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1543.
District Court of Appeal of Florida, Fifth District.
October 6, 1982.
Rehearing Denied November 10, 1982.
*582 Michael H. Lambert, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
The trial court revoked appellant's probation which had been imposed following a plea of nolo contendere to a charge of vehicular homicide. He appeals. We affirm.
Appellant attacks the revocation order by arguing that two of the conditions of probation originally imposed are vague, arbitrary, indefinite, overbroad and not reasonably related to the offense for which he was placed on probation. But, this is not an appeal from the original order of probation. The attack on the conditions comes only after a violation is charged, some twenty months later, and such attack is too late. We reiterate what we said in Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982).
"At sentencing, the trial court should clearly delineate all terms upon which he deems it necessary to condition probation and the defendant should clearly state of record his objections and refusal to accept conditions of probation, failing which he should be deemed to have accepted such conditions. In the event the trial court imposes such conditions upon a defendant over the defendant's clear objection, the defendant must appeal from the original probation order rather than attacking the imposition of a condition after its breach." (emphasis added).
Id. at 1366. See also, Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978); Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974).
Appellant's arguments on the sufficiency of the allegations of violation and on the sufficiency of the evidence to sustain the revocation order are without merit. The order revoking probation is
AFFIRMED.
FRANK D. UPCHURCH, J., and COBB, JJ., concur.