HOBSON, Acting Chief Judge.
This is an appeal from an order revoking probation and the subsequent judgments and sentences. We affirm in part and reverse in part.
On February 26, 1981, informations were filed in cases Nos. 81-1121 and 81-1122 charging appellant with two armed robberies which occurred on January 4 and January 19, 1981. The appellant entered guilty pleas to both crimes and, according to the state, was placed on ten years concurrent probation in each case with the condition of serving one year in jail. On March 11, 1983, an affidavit was filed in case No. 81-1121 alleging that the appellant had committed several violations of his probation. After hearing, the court found the appellant guilty of violating his probation and sentenced him to consecutive prison terms of ninety-nine years in each of the two armed robberies occurring in 1981. The court retained jurisdiction over one-half of each sentence.
On appeal the appellant contends that 1) the evidence presented below was insufficient to support revocation of his probation; 2) the trial court erred in revoking his probation in case No. 81-1122 because there was no order placing him on probation, no affidavit of violation of his probation, and no arrest warrant filed in that case; and 3) the trial court erred in retaining jurisdiction over one-half of each of his consecutive sentences. We find no merit in *147 the appellant’s first point. However, we agree with the appellant’s remaining arguments.
The only written documentation in the record which suggests that the appellant was placed on probation in case No. 81-1122 are some handwritten notes in the case progress report. Even the colloquy at the 1981 disposition hearing reflects an ambiguity in that while the court’s language might be construed as imposing concurrent probationary terms of ten years, such a disposition would have been contrary to terms of a plea bargain outlined by appellant’s counsel.[1] The revocation hearing proceeded upon the assumption that appellant was properly before the court on charges of violating his probation in both cases. Yet, the failure to object cannot cure a jurisdictional error. Carpenter v. State, 355 So.2d 492 (Fla.1978). On this record we cannot say that appellant was actually on probation in case No. 81-1122. Therefore, the court had no jurisdiction to revoke appellant’s probation, even if it could be said that appellant waived any requirement for an affidavit of violation and an arrest warrant. Pollack v. State, 417 So.2d 306 (Fla. 3d DCA 1982); Harris v. State, 378 So.2d 37 (Fla. 3d DCA 1980).
With respect to the argument concerning retention of jurisdiction, since the trial court erroneously revoked appellant’s purported probation in case No. 81-1122, there exists only the sentence of ninety-nine years in case No. 81-1121 over which the trial court could retain jurisdiction. At the time the appellant committed the of-fencse involved in case No. 81-1121, section 947.16(3), Florida Statutes (1981), provided that the trial court had the authority to retain jurisdiction over only one-third of the sentence imposed. Thus, the trial court could retain jurisdiction over only one-third of appellant’s ninety-nine year sentence.
We affirm the order in case No. 81-1121 revoking appellant’s probation and the resulting judgment and sentence. However, we strike the provision for retention of jurisdiction and remand to the trial court with directions to reconsider the period of retention in accordance with section 947.-16(3), Florida Statutes (1981). We reverse the order revoking appellant’s probation in case No. 81-1122 and direct that the record in that case be clarified to reflect that appellant is not on probation.
AFFIRMED in part and REVERSED in part.
GRIMES and CAMPBELL, JJ., concur.

. MR. TIMMERMAN [defendant’s attorney]: Your Honor, Mr. Bowers previously appeared before the Court with regard to two charges of robbery, one being Case No. 81-1121 and 81-1122. Pursuant to plea negotiations with the State on our previous appearance we plead guilty to those two charges.
(The defendant entered the courtroom.)
MR. TIMMERMAN: The Court withheld adjudication at that time and ordered a presen-tence investigation, which I believe now has been completed. The plea negotiations were that with respect to Case No. 81-1122 in return for his plea of guilty Mr. Bowers would receive one year in the County Jail with credit. And with respect to Case No. 81-1121 he would be placed on a period of probation the length of which was to be determined by the Court.
THE COURT: I will withhold adjudication, put him on ten year probationary periods, specify the Hillsborough County Diagnostic Treatment Center as his place of residence on 81-1122 with credit. (R103-04)