502 So.2d 1341 (1987)
Henry BOGAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-973 to 85-979.
District Court of Appeal of Florida, Second District.
February 25, 1987.
*1342 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
In these seven consolidated appeals, appellant, Henry Bogan, appeals the judgments and sentences entered against him. After reviewing the briefs and records on appeal, we affirm the convictions in all of the cases except cases numbered 80-2594 and 82-11450 which we reverse. We must remand the other five cases, however, for resentencing.
On April 19, 1985, the trial judge signed an order revoking six of appellant's terms of probation. On the same date, he entered judgments and sentences in all seven cases involved in these appeals.
In case number 80-2594, appellant was charged by information with unemployment compensation fraud in violation of section 443.22(1), Florida Statutes (1979). Appellant was ultimately placed on two years probation for this offense by a written order dated June 3, 1982. In an order of modification of probation dated November 19, 1982, the appellant's probation was modified to require that appellant reside 364 days in the county jail. The order of modification of probation, however, did not extend the original term of two years probation. Case number 80-2594 was not included in the case numbers listed on the affidavit of violation of probation signed July 25, 1984; however, even if it had been included, the appellant's probation in this case apparently had ended June 3, 1984, prior to the time the processes of the court were set in motion for revocation of probation.
In case number 82-11450, the appellant was charged by information with uttering a forged instrument in violation of section 831.02, Florida Statutes (1981). When the appellant was before the court on November 19, 1982, on this offense, he was also before the court on several other offenses including all of the cases involved in this appeal. According to the transcript of the proceeding and the case progress notes, the judge apparently intended to place the appellant on five years probation in case number 82-11450 concurrent with five years probation in a number of other cases. The record, however, contains no written order showing that appellant was ever placed on probation in case number 82-11450.
Furthermore, neither case number 80-2594 nor case number 82-11450 is included on the affidavit of violation of probation signed July 25, 1984, and amended February 14, 1985, or on the arrest warrant *1343 dated July 31, 1984. Based on this record, the appellant was not properly before the court for revocation of probation on either of these two cases. See Bowers v. State, 452 So.2d 146 (Fla. 2d DCA 1984). We, therefore, reverse the judgments and sentences entered in cases numbered 80-2594 and 82-11450.
The appellant also contends, and we agree, that the orders of revocation of probation improperly reflect that the appellant was found guilty of three violations of condition (5) of his probation in the remaining five cases. The record reflects that the amended affidavit of violation of probation charged the appellant with three violations of condition (5) of his probation (submitting a forged money order, submitting a stolen money order, and resisting arrest with violence); however, at the revocation hearing, testimony was received only on the charge of resisting arrest with violence. As no evidence was received at the revocation hearing on the charges of submitting a forged money order and of submitting a stolen money order, appellant could not be found guilty of those violations. We, therefore, remand with instructions to the trial court to strike these two alleged violations from its order of revocation of probation. Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983).
We affirm the order revoking the appellant's other five terms of probation and the judgments entered thereon in all other respects.
Finally, the appellant correctly contends that the trial court erred in departing from the guidelines on the remaining cases because he did not affirmatively select guidelines sentencing. As all the crimes involved here were committed prior to October 1, 1983, the sentencing guidelines could properly be applied only if the appellant affirmatively selected to be sentenced under the guidelines. In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). Even though a guidelines scoresheet was prepared in this case and was discussed at the revocation proceeding, neither of these actions meets the requirement of an affirmative selection. See Maxwell v. State, 489 So.2d 1218 (Fla. 2d DCA 1986); Wright v. State, 478 So.2d 524 (Fla. 2d DCA 1985); Cahill v. State, 467 So.2d 366 (Fla. 2d DCA 1985). As the record contains no clear and unequivocal choice by the appellant to be sentenced under the guidelines, we must remand so that the appellant may be given the opportunity to either select or reject guidelines sentencing. Should the appellant select to be sentenced under the guidelines and should the trial court again decide to depart from the guidelines, the trial court should review its written reasons for departure to be sure that they are valid, clear, and convincing reasons according to the recent holdings on the subject.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and SCHOONOVER and FRANK, JJ., concur.