644 So.2d 602 (1994)
Mary Getford VEZINA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2390.
District Court of Appeal of Florida, First District.
November 7, 1994.
*603 Louis O. Frost, Jr., Public Defender, James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Thomas Crapps, Asst. Atty. Gen., Tallahassee, for appellee.
MICKLE, Judge.
Mary Getford Vezina (Appellant) appeals from an order finding five violations of the conditions of community control, revoking her community control, and sentencing her to 12 years in prison. Appellant was placed on two years of community control in mid-October 1991 after pleading nolo contendere to manslaughter. Appellant raises five issues on appeal, only two of which have merit. Having carefully examined the record, we conclude that two of the five alleged violations lack sufficient evidentiary support and, thus, are invalid. Because we cannot determine from the record whether the trial court would have revoked community control and imposed the same sentence based solely on the remaining three valid grounds, we reverse the order of revocation and remand for reconsideration. Thomas v. State, 453 So.2d 156 (Fla. 1st DCA 1984); Gammon v. State, 451 So.2d 1042 (Fla. 1st DCA 1984).
Condition (8) of the terms of community control required Appellant to comply with all instructions given by her supervising officer. Two violations were alleged under this condition. The first violation was as follows:
[Appellant] was instructed on 2/10/93 to be full time employed by 2/26/93. On 2/26/93, the aforesaid failed to be full time employed and asked for a week's extension on that date. The aforesaid was then instructed to have a full time job by 3/5/93. The aforesaid failed to be full time employed by 3/5/93.
At the revocation hearing, the trial judge addressed Appellant: "[Y]ou did not get a full time job as you were required to do and you did not make a good faith effort to find full time employment."
A trial court has the authority to order a defendant actively to seek full-time gainful employment during a term of probation. Boudreaux v. State, 578 So.2d 457, 458 (Fla. 1st DCA 1991); Cowan v. State, 527 So.2d 305 (Fla. 1st DCA 1988) (remanding for modification of probationary condition to require appellant to "actively seek gainful employment upon release from prison"). In the case sub judice, Officer Baker instructed the unemployed Appellant to secure employment. Even after an extension was granted, the deadline was set within a month of the original instruction. The alleged violation was based partly on Appellant's failure to be employed full-time by the deadline *604 set by Officer Baker. We have found no evidence in the record indicating that Appellant ever received any guidelines directing her how to attempt to achieve that condition or setting criteria for assessing her good faith or lack thereof. No proof was presented that Appellant was ordered to undertake any specific effort to obtain employment but willfully failed to do so. This unconditional mandate is distinguishable from the lawful condition set forth in section 948.03(1)(c), Florida Statutes, which authorizes the trial court to require a community control offender to "[w]ork faithfully at suitable employment insofar as may be possible." Under these particular circumstances, which also fail to address certain relevant factors (e.g., job market and other economic conditions, severe medical difficulties) beyond Appellant's control, we are constrained to conclude that the unconditional requirement to have a full-time job by a certain date is invalid. White v. State, 619 So.2d 429, 431 (Fla. 1st DCA) (appellant's failure to obtain and maintain full-time employment within 30 days of sentencing was invalid condition of probation), rev. den., 626 So.2d 208 (Fla. 1993); Johnson v. State, 636 So.2d 792 (Fla. 5th DCA 1994) (requirement that appellant be gainfully employed no fewer than 35 hours a week impermissibly failed to account for possibility that unavoidable outside events could restrict employment options to fewer than 35 hours a week); Evans v. State, 608 So.2d 90 (Fla. 1st DCA 1992) (reversing for modification a condition of community control ordering appellant to work full-time and earn at least $800 a month); Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992) (probationary requirement that defendant maintain full-time employment of at least $35 a week was sufficiently egregious to equate with fundamental error and, thus, to withstand failure to object).
The second alleged violation of Condition (8) was Appellant's presence on the property of her daughter (Deanna Griffin) on April 28-29, 1993, in defiance of her community control officer's instructions to stay away. Appellant specifically denied having been on her daughter's property on either date, and her supervising officer did not observe Appellant on the property. Our review of the record compels our conclusion that the state relied solely, and thus impermissibly, upon hearsay evidence for its proof of this allegation. Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982). The daughter's and neighbor's statements are out-of-court declarations by non-witnesses offered in evidence to prove the truth of the matter asserted, i.e., that Appellant was on her daughter's property without authorization. § 90.801(1)(c), Fla. Stat. (defining "hearsay"). The remaining non-hearsay evidence failed to prove this violation by the greater weight of the evidence. Accordingly, the statements at issue are hearsay standing alone and constitute an improper basis for finding this second violation of Condition (8). Whisler v. State, 569 So.2d 934 (Fla. 1st DCA 1990) (finding an improper revocation of community control where trial court relied on hearsay lab report and testimony of appellant and his officer failed to prove violation by greater weight of evidence).
We are constrained by the case law to conclude that evidentiary support is lacking as to both alleged violations of Condition (8). Community control cannot be revoked, nor can its terms be modified, if the asserted violation arises from an invalid condition or if proper evidentiary support is absent. See White, 619 So.2d at 429, 431 (reversing judgment of revocation of probation). Therefore, we disapprove those findings of violations based on the failure 1) to have full-time employment by a certain date and 2) to remain off the property of Appellant's daughter. Because we are unable to determine whether the trial court would have revoked Appellant's probation and imposed the same sentence based on the remaining violations, we reverse the order of revocation and remand this case for reconsideration. Should the trial court elect on remand to revoke Appellant's probation again, the trial court may impose the original sentence or exercise its discretion to change the sentence. § 948.06, Fla. Stat.
REVERSING order and REMANDING for reconsideration.
ALLEN and KAHN, JJ., concur.