PER CURIAM.
Earnest Raja Brandon (Brandon) challenges his judgment and sentence for robbery with a weapon. His appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record, we agree with his counsel that there are no meritorious issues for appeal except for two errors made during sentencing. Specifically, the trial court erred in imposing a probation condition, which requires Brandon to obtain employment within ninety days of his release from prison. While the trial court has the authority to require a probationer to make a good faith effort to seek gainful employment within a specified period of time as a special condition of probation, it cannot require a probationer absolutely to obtain employment by a certain date or to maintain certain employment, absent a showing of his or her ability to do so. Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994); Evans v. State, 608 So.2d 90 (Fla. 1st DCA 1992). In addition, the trial court erred in assessing $625 for the services of the public defender where it failed to consider this fee at the sentencing hearing, and failed to give Brandon notice of the amount of the fee imposed or notice of the right to a hearing to contest that amount. Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995).
Accordingly, we affirm Brandon’s conviction and sentence but strike the attorney’s fee imposed, and remand with directions to modify the probation condition consistent with this opinion. On remand, attorney's fees may be reimposed after Brandon is giv *223 en notice and an opportunity to be heard on the amount of the fee.
AFFIRM in part; REVERSE and REMAND in part.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.