GUNTHER, Chief Judge.
This appeal is directed at five general and special conditions imposed by the trial court on appellant for the period of probation which is to follow appellant’s incarceration.
We strike that language in special condition 15 which explicitly prohibits appellant’s contact with minor children. The language of the condition must be more specific, so that appellant may not be charged with unintentional violation of it. Lambert v. State, 635 So.2d 1056 (Fla. 4th DCA 1994); Lambert v. State, 635 So.2d 93 (Fla. 4th DCA 1994); cf. Dean v. State, 629 So.2d 1106 (Fla. 4th DCA 1994).
We strike also the conditions imposed on appellant that he consume no alcoholic beverages, enter no establishment whose primary business is sale of alcoholic beverages, obtain a substance abuse evaluation, and follow any recommendation that ensues from that evaluation. The conduct which some of these ban is not criminal in itself; and there is no *106 reasonable relation between any of the conditions in this group and appellant’s offense or subsequent rehabilitation. Biller v. State, 618 So.2d 734 (Fla.1993).
Imposition of the special condition prohibiting appellant from entering any establishment whose primary business is sale of alcoholic beverages was erroneous for the further reason that there was not adequate notice that this condition would be imposed. This condition, which was not orally pronounced, is not found among the general conditions promulgated by the Supreme Court in Florida Rule of Criminal Procedure 3.986. See State v. Hart, 668 So.2d 589 (Fla.1996). The Florida Supreme Court has held that that form furnishes to all who face probation constructive notice of the general conditions printed therein. Id. The same is not true of special conditions. Id.
We find that the trial court committed no notice error in imposing the general condition not to use intoxicants to excess, as this condition does appear on the printed probation form promulgated by the Supreme Court. Hart. We are aware that in the instant case the trial court did not use the probation form promulgated in the rule.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WARNER and FARMER, JJ., concur.