683 So.2d 634 (1996)
Andres MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2789.
District Court of Appeal of Florida, Fourth District.
November 27, 1996.
*635 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.
HAUSER, JAMES C., Associate Judge.
After appellant pled guilty to grand theft he was sentenced and placed on two years of probation. In March 1995 the state alleged that appellant had violated a number of special conditions of his probation, because he failed to:
1. work diligently at a lawful occupation.
2. comply with the probation officer's instruction to submit proof that appellant was attending school.
3. complete the remaining 50.3 hours of his community service at the time his probation was revoked.
4. truthfully report to his probation officer on the fifth day of each month.
5. report to the probation office as instructed on March 3, 1995.
After an evidentiary hearing the trial court found a factual basis for each violation. The court revoked appellant's probation and ordered him to serve ten months in the county jail, with the first three months to be served in boot camp, and imposed an additional two years of probation.
In order to support a revocation of probation, the state must prove that the violation was both substantial and willful. Howard v. State, 484 So.2d 1232 (Fla.1986); Johnson v. State, 561 So.2d 1254 (Fla. 2d DCA 1990).
*636 As to the first violation, the trial court's initial order placing appellant on probation stated: "you will work diligently at a lawful occupation, advise your employer of your supervision status and support your dependents to the best of your ability, as directed by your [probation] Officer."
At the time appellant was violated for this condition of probation he admitted that he was not employed. However, this condition of probation is invalid because it mandatorily requires appellant to obtain employment and does not take into consideration the possibility that the defendant is not able to obtain employment because of economic conditions.[1]Kirkland v. State, 666 So.2d 974 (Fla. 1st DCA 1996); Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994); Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992).[2] An invalid condition of probation may not form a basis to revoke probation. Vezina, 644 So.2d at 604.
As to the second violation, the failure to submit proof of school registration, the court never ordered appellant to attend school as a condition of probation. Rather this condition was imposed by the probation officer as a means to avoid revoking appellant's probation for not working. Violation of a condition imposed by a probation officer, rather than an express condition of probation, cannot serve as a basis for a revocation of probation. Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994); Ashrafi v. State, 534 So.2d 886 (Fla. 4th DCA 1988).
The state argues that a probation officer has the authority to give routine supervisory instructions in order to implement the conditions of probation. Goley v. State, 584 So.2d 139 (Fla. 5th DCA 1991); Hutchinson v. State, 428 So.2d 739 (Fla. 2d DCA 1983). However, when the supervisory instruction is premised on an invalid condition of probation (the defendant must obtain full time employment, even if there are no jobs available because of a recession) it cannot be a basis for a violation.[3]
As to the third violation, although appellant had not yet completed his 50.3 hours of community service when his probation was revoked, the initial court order did not specify when the community service had to be completed. Since appellant still had sufficient time during his initial probation to have completed his community service, this could not be a basis to revoke his probation. Tracy v. State, 673 So.2d 544 (Fla. 4th DCA 1996).
As to the fourth violation, on February 9, 1995, appellant's probation officer informed him that if he failed to report to the officer on March 3, 1995, his probation would be violated. Appellant failed to report, claiming that it was because of lack of transportation. The trial court obviously did not believe appellant's excuse, probably because the record indicates that appellant had lied to the probation officer on several occasions. The trial court did not abuse its discretion in revoking appellant's probation for this violation. There was also sufficient evidence for *637 the court to find that appellant failed to timely submit his written monthly reports.
Because we cannot determine from the record whether the trial court would have revoked appellant's probation and imposed the same sentence based solely on the two valid grounds to revoke his probation, we reverse the order of revocation and remand for reconsideration. Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985).
After the court found that appellant had violated his probation, it orally advised him of his new sentence, but failed to orally inform him that it was imposing additional conditions of probation. However, the court's written order for the additional two years of probation contained the following supplemental conditions[4] which required appellant to:
1. complete the balance of community service within ninety days of release from jail.
2. not procure a weapon without the consent of the probation officer.
3. pay the balance of the $50 victim costs and $200 trust fund payments that were imposed by the original probation order.
The state concedes that because the court never orally informed appellant that he must complete his community service within ninety days from his release from jail, this condition must be stricken. Vasquez v. State, 663 So.2d 1343, 1347 (Fla. 4th DCA), rev. dismissed, 666 So.2d 145 (Fla.1995).
However, the other conditions of probation did not have to be orally pronounced because appellant was on constructive notice that he must comply with the laws of Florida. Thus a probation requirement that appellant not procure a weapon without the consent of the probation officer is a Florida law, which is located on the probation form in Florida Rule of Criminal Procedure 3.986. State v. Hart, 668 So.2d 589 (Fla. 1996); Vasquez, 663 So.2d at 1347. Likewise both the $200 trust fund payment and the remaining $50 victim costs are Florida laws mandated by sections 27.3455(1) and 960.20, Florida Statutes, respectively.
AFFIRMED IN PART; REVERSED IN PART.
GROSS, J., concurs.
WARNER, J., concurs in conclusion only.
NOTES
[1] Had this probation order stated, "you will make a good faith effort to obtain lawful employment" it would have been a valid condition of probation. See Walls v. State, 596 So.2d 811, 812 (Fla. 4th DCA 1992); Boudreaux v. State, 578 So.2d 457 (Fla. 1st DCA 1991). With a properly worded probation order, a defendant who failed to make a good faith effort to obtain employment, as opposed to actually becoming employed, could be violated.
[2] We recognize that the Second District Court of Appeal has approved of substantially the same condition of probation, to wit: "work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your [probation] officer." Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996) (emphasis added). The second district's position is that the phrase "to the best of your ability" refers to the requirement that the probationer work diligently at a lawful occupation. This is simply not a fair reading of the sentence. Our reading of the clause "to the best of your ability" is that it can only refer to the requirement that the probationer support any dependents.
[3] In the case at bar when appellant was asked why he was not working he stated that he was attending school full time. In fact, appellant was not attending school and thus lied to his probation officer. Therefore, this could have been a valid reason to support revocation of appellant's probation if his probation had been revoked for lying to his probation officer. Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988).
[4] The supplemental conditions are obviously valid conditions of probation. The only question is whether appellant should have been orally informed by the court of these conditions at the time of sentencing.