736 So.2d 72 (1999)
Rosemarie U. MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4138.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
PER CURIAM.
This appeal is from an order revoking probation. Defendant's principal issues concern (1) the legality of the condition for which a violation was charged, (2) the sufficiency of the evidence to prove a willful and material violation, and (3) the jurisdiction of the court to conduct a revocation hearing when the alleged violation occurred prior to entry of a written order of probation. We affirm for the reasons discussed below.
*73 In August 1994, defendant was charged with one count of sexual battery on a person less than 12 years of age under section 794.011(2), Florida Statutes (1994). She pled no contest to one count of child abuse. Adjudication was withheld and she was placed on five years probation, with the special condition that she receive a psychological evaluation and complete "any recommended treatment." Thereafter, she was charged with violation of the special condition. At the revocation hearing on January 30, 1997, the court accepted a written negotiated plea agreement which the court required the prosecutor to state on the record. The essential terms were that defendant would plead guilty to the violation, her probation would be revoked, she would be adjudicated guilty of child abuse, and she would be sentenced to a term in the county jail to be followed by thirty months probation with special conditions, one of which is relevant here:
"She is not to be in the presence of any children under the age of 16, unless she is supervised by an adult who is aware that the defendant is on probation for child abuse; David Richardson may not be a supervising adult."
The trial court stated that it was accepting defendant's plea and sentencing her in accordance with "the terms of the written plea agreement." The court did not, however, enter a written probation order at that time.
In May 1997, an affidavit of violation of probation was filed that alleged defendant violated her probation "by having contact with children under the age of 16 years without an adult who is aware [that defendant] is on probation for child abuse." On June 4, 1997, the trial court entered a written probation order, nunc pro tunc to January 30, 1997, that contained the condition that defendant have "NO CONTACT WITH CHILDREN UNDER SIXTEEN (16) YEARS OF AGE UNLESS SUPERVISED BY AN ADULT WHO IS AWARE THAT DEFENDANT IS ON PROBATION FOR CHILD ABUSE." An amended affidavit of violation of probation was filed on June 6, 1997.
At the revocation hearing from which this appeal arises, defendant's probation officer testified:
A. May 9th, I did go to [Defendant's] house to do a residence check. As I was proceeding into a long drive, about a quarter of a mile to three eighths mile long with five cottages, I saw two children riding a bike towards [Defendant's] cottage. I waited approximately two minutes, I proceeded in my vehicle down to the cottage area where I observed two minor children ages eight, nine approximately, eleven and twelve, female children at that residence in the front yard.
I went up to the residence. [Defendant] was sitting in the cottage with the front door open and the window open, openly communicating with the children and with David Richardson who was in the yard.
Q. How far away were the kids from [Defendant]?
A. They were, again, about eight feet away at the time I arrived. At that point I told the children they needed to leave, there was no supervision there for them.
Their mother had already been told, instructed, they were not to be alone with [Defendant]. There was some altercation or verbal exchange at that point, one of the children actually then entered the cottage, sat down next to [Defendant].
Susan LaFehr Hession, a clinical director for a mental health clinic, also testified, over a relevancy objection by defendant's counsel, that in her "clinical opinion, that of my staff, she was obsessed with children" and that defendant was especially predatory. Defendant also testified at the hearing that the children had been in her yard for about "an hour" before her probation officer arrived and she admitted to talking to them through the window.
*74 At the close of the hearing, the trial court stated:
THE COURT: I have known Ms. Hession many years. I have high respect for her expert opinion. When she tells me someone is especially predatory, that gets my attention, when also, I am told how this Defendant has continually manipulated and tried to get around that provision. I have no trouble in finding that she said that.
It satisfies the conscience of the court that she willfully violated [the "no-contact" condition] of her probation.
The trial court subsequently entered an order revoking defendant's probation and sentencing her to 4½ years in prison.
Defendant's first argument is that the "no contact" provision of her probation was impermissibly broad because the possibility of an unintentional violation existed. The condition defendant is challenging provides that she should have "no contact with children under sixteen (16) years of age unless supervised by an adult who is aware that the defendant is on probation for child abuse." A number of courts, on direct appeal from an order of probation, have found similar conditions impermissibly broad because they subject defendants to the possibility of an unintentional violation. Oliver v. State, 672 So.2d 105 (Fla. 4th DCA 1996) (condition that explicitly prohibited a defendant from having "contact with minor children" was impermissibly broad); Lambert v. State, 635 So.2d 93, 93-94 (Fla. 4th DCA 1994) (condition which provided the defendant "have no contact with children under age 10" was too broad); Swatzell v. State, 691 So.2d 594, 595 (Fla. 3d DCA 1997) (condition which provided "defendant have no contact with anyone under 18 years of age unless supervised by someone over the age of 25" was impermissibly broad); Rowles v. State, 682 So.2d 1184, 1184-1185 (Fla. 5th DCA 1996) (condition which provided the defendant "have no contact with a female child under the age of sixteen years, unless that child's parent or legal guardian is present" was impermissibly broad).[1]
Defendant took no appeal from the original order of probation, accepting the condition of probation. Now, for the first time, defendant is challenging that condition in this appeal from an order revoking her probation. This court has held that a probationer, who has accepted the conditions of his or her probation, is not permitted to challenge one of the conditions of probation after probation has been revoked for a violation of that condition. Brown v. State, 305 So.2d 309, 310 (Fla. 4th DCA 1974); Welsh v. State, 326 So.2d 37, 38 (Fla. 4th DCA 1976) (stating that "it is ... too late to question" a condition of probation after probation has been revoked); see also Gaskins v. State, 607 So.2d 475, 476 (Fla. 1st DCA 1992), overruled on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997) ("[E]xisting case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of [the] sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation."); Gallagher v. State, 421 So.2d 581, 582 (Fla. 5th DCA 1982) (quoting Bentley v. State, 411 So.2d 1361, 1366 (Fla. 5th DCA 1982)) (a defendant "must appeal from the original probation order, rather than attacking the imposition of a condition after its breach"); § 924.06(2), Fla. Stat. (1997).
In Brown, the defendant was placed on probation following a criminal offense. One of his conditions of probation required him to "live honorably." 305 So.2d at 309. His probation was subsequently revoked based on this condition. The defendant challenged the condition as unconstitutionally vague. This court declined to reach *75 the merits relying on section 924.06(2), Florida Statutes (1973), which stated, in part, an "appeal of an order revoking probation may review only proceedings after the order of probation."[2] Based on the statute, this court concluded:
Thus, [section 924.06(2)] clearly limits this appeal to review of proceedings that occurred after the entry of the order of probation. Probation is a matter of grace and when the defendant chose to accept the conditions of his probation he can not now, having violated those conditions, challenge the order. If he had any grievance, he could have either refused probation or appealed the order and its contents. Section 924.06(2), F.S. 1973; Hardrick v. State, 293 So.2d 135 (2d D.C.A.Fla.1974).[3]
Id. at 310.
In a more recent case, Mathis v. State, 683 So.2d 634 (Fla. 4th DCA 1996), this court, without addressing the foregoing issue, considered the validity of a condition of probation on an appeal from an order revoking probation. In Mathis, the defendant was on two years probation with the special condition that he "work diligently at a lawful occupation." Id. at 635. The trial court later revoked the defendant's probation based, in part, on a violation of that condition. The defendant appealed the order revoking his probation arguing that the condition was invalid. This court agreed with the defendant, concluding the condition was "invalid" because it did not take into consideration the possibility that the defendant would not be able to obtain employment because of economic conditions, and relying on Vezina v. State, 644 So.2d 602 (Fla. 1st DCA 1994), held that revocation based on this condition was improper because "[a]n invalid condition of probation may not form a basis to revoke probation." Id. at 636.
While Mathis does not state a principle of law which expressly conflicts with our holding in Brown and Welsh, it did that which, in Brown and Welsh, we said should not be done it considered, on appeal from an order revoking probation due to violation of a special condition, the merits of the probationer's claim that the condition was invalid. To remove any doubt on that issue, we re-affirm our holding in Brown and Welsh, and decline to consider the validity vel non of the condition defendant was found to have violated. We recede from Mathis to the extent that it conflicts with Brown and Welsh.
Defendant's second argument is that the trial court abused its discretion when it concluded defendant willfully violated the "no contact" condition of her probation. While probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation, the standard of review is an abuse of discretion. Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). Reviewing the evidence in a light most favorable to the appellee,[4] we have no difficulty in concluding that no abuse of discretion has been shown.
*76 Defendant's third argument is that the trial court did not have jurisdiction to enter an order revoking her probation absent a written probation order. Defendant relies on Bogan v. State, 502 So.2d 1341 (Fla. 2d DCA 1987), in support of her argument. In Bogan, the defendant was before the trial court on seven cases. The record suggested that although the trial court intended to place the defendant on probation in all seven, the record in one particular case did not contain a written order of probation; furthermore, in that one case there was no affidavit of violation. Id. at 1342-1343. Relying on Bowers v. State, 452 So.2d 146 (Fla. 2d DCA 1984), the second district concluded the defendant was not properly before the trial court for revocation of probation in that particular case. In Bowers, the only written documentation in the record suggesting the defendant was placed on probation was some handwritten notes in a case progress report. Id. at 147. In addition, it was unclear from the transcript of the disposition hearing whether the trial court actually placed the defendant on probation. Because it was unclear from the record whether the defendant was on probation, the second district held that the trial court had no jurisdiction to revoke the defendant's probation. Id.
Here, defendant's probation resulted from a negotiated written plea agreement, signed by defendant, recited in detail at the sentencing hearing, and expressly referred to by the trial court at the time of accepting defendant's plea and sentencing her to "the terms of the written plea agreement." In addition, although the trial court entered the written order after defendant violated the terms of her probation, the record does contain a written probation order. In the written probation order, the trial court recognized that probation was "done and ordered in open court" January 30, 1997 even though the written order was not filed until June 4, 1997. Unlike Bowers and Bogan, there is sufficient evidence in this record to establish, without question, that defendant was on probation at the time of her violation. Defendant does not contend that she was not on probation, nor does she contend that she was prejudiced by the trial court's failure to enter the written order until after the original affidavit of violation had been filed. We hold that the court had jurisdiction to enter the order revoking defendant's probation.
Defendant's final argument is that the court improperly relied on Ms. Hession's expert testimony at the revocation hearing. Hession testified that defendant was "obsessed with children" and she was especially predatory. Defense counsel objected, arguing only that this testimony was "irrelevant to the allegations in the affidavit." On appeal, however, defendant argues that the trial court gave unfair weight to Hession's testimony because she was not qualified as an expert and should not have been able to give her diagnostic opinions, grounds not argued below. We agree with the state that this issue has not been preserved for appeal. To preserve an issue for appeal, the "issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation...." Tillman v. State, 471 So.2d 32, 35 (Fla.1985); Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982).
AFFIRMED.
STONE, C.J., DELL, GUNTHER, WARNER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] To avoid the problem of inadvertent violations, Rowles v. State, 682 So.2d 1184 (Fla. 5th DCA 1996), suggests a "no contact" condition should prohibit "intentional, unsupervised" contact.
[2] The current version of the statute is identical.
[3] Hardrick v. State, 293 So.2d 135 (Fla. 2d DCA 1974), was reversed on other grounds by State v. Hardrick, 313 So.2d 695 (Fla.1975).
[4] By way of example, and not inclusive: Defendant's probation officer testified that he instructed her on at least three different occasions that she was not permitted to have unsupervised contact with a child under the age of sixteen; Hession testified that defendant was told "repeatedly" that she was not allowed to have children at her house or speak with them and that the "no contact" condition was addressed at every therapy session because "each time [defendant] came what she wanted to talk about was children"; defendant admitted that the two children had been in her yard for about an hour, she had been talking to them, she knew they were less than sixteen years old, and David Richardson was the only other adult present; the probation officer witnessed defendant openly communicating with the children without a supervising adult and defendant allowing one of the children to enter her home and sit next to her.