PER CURIAM.
The Defendant appeals from a sentence imposed upon revocation of probation. Part of the sentence imposed was a three-year term of drug offender probation. The Defendant challenges the following condition of his probation:
(7) You will work diligently at a lawful occupation, inform your employer of your probationary status and support any dependents to the best of your ability as directed by your Officer.
The Defendant has not been charged with violating this current term of probation. Rather, he challenges his sentence purely on the basis that the above-cited condition is invalid.
After filing his appeal, the Defendant timely filed a Rule 3.800(b)(2) motion to correct sentencing error. The trial court denied the Defendant’s motion. We reverse and remand.
Contrary to the State’s suggestion, the Defendant was required to challenge the validity of the probation condition now before he reaped the benefits of probation; had he waited till after he had violated the condition, he would have waived his opportunity to challenge it. See Matthews v. State, 736 So.2d 72, 74, 75 (Fla. 4th DCA 1999) (en banc). Moreover, we have held that a probation condition substantively similar to the one challenged here is invalid. See Mathis v. State, 683 So.2d 634, 636 (Fla, 4th DCA 1996), receded from on other grounds by Matthews v. State, 736 So.2d 72 (Fla. 4th DCA 1999) (en banc).
Accordingly, the trial court erred by denying the Defendant’s motion. This case is remanded for revision of condition (7) of the Defendant’s probation order in accordance with the prescript of and reasoning behind Mathis.
REVERSED AND REMANDED.
GUNTHER, POLEN and STEVENSON, JJ., concur.