PER CURIAM.
Jeffrey R. Hastings seeks certiorari review of two orders of the Palm Beach County Circuit Court striking his pro se motions in trial court case number 79-3126 CF A02.
Petitioner makes two principal arguments in his petition. He argues that his consecutive sentences for his convictions in case number 79-3126 are illegal. Petitioner has raised this issue numerous times below, and at least three times in this court.[1] In each of the foregoing cases, petitioner’s arguments have been considered and the sentences have been affirmed.
Next, petitioner argues that the trial court denied him due process when it entered its orders striking his motion to proceed in forma pauperis and his motion for rehearing of that order. The orders presently under review are dated August 9 and August 31, 2000, and are predicated upon an order dated August 26, 1998. In that order, a predecessor judge denied post-conviction relief and prohibited petitioner from filing further pro se pleadings. The state, in its response to this petition, acknowledges that “the trial court’s extensive record does not reflect the issuance of an order to show cause before the court’s entry of its August 26,1998 order.”
In State v. Spencer, 751 So.2d 47 (Fla.1999), the supreme court held that due process requires notice and an opportunity to be heard before entry of an order depriving a party of the right to file pleadings. The state correctly points out that Spencer is to be applied prospectively. The state acknowledges, however, that before the entry of the August 26, 1998 order, this court in Martin v. Circuit Court, Seventeenth Judicial Circuit, 627 So.2d 1298 (Fla. 4th DCA 1993), had held *1109 that a circuit court could not issue an order restricting pro se pleadings without first giving the litigant notice and an opportunity to be heard.
Although the record does not demonstrate that the predecessor judge afforded petitioner notice and an opportunity to be heard before entering the August 26, 1998 order, petitioner appealed that order, and this court affirmed. Hastings v. State, 729 So.2d 937 (Fla. 4th DCA 1998). The doctrine of law of the case, therefore, applies, and the petitioner may not raise issues which either were or could have been raised in the prior appeal. See Warren v. State, 709 So.2d 138 (Fla. 4th DCA 1998). We, therefore, deny certiorari.
CERTIORARI DENIED
WARNER, C.J., DELL and KLEIN, JJ., concur.

. Case Nos. 4D90-2787, 4D94-1752 and 4D97-0825.