PER CURIAM.
Reinaldo Rubio appeals the revocation of his probation and the judgment and sentence imposed after revocation.
Rubio was originally placed on five years probation with the imposition of standard probation conditions and the special condition that he enter and successfully complete the Phoenix House drug and alcohol rehabilitation program. While on probation Rubio’s probation officer filed an affidavit alleging that Rubio had violated the condition of his probation by threatening to kill his girlfriend. On the same day of his arrest, he was discharged from the Phoenix House because he did not successfully complete the program. The probation officer then amended his affidavit to include the allegation that Rubio had also violated the condition of his probation which required him to successfully complete the Phoenix House program.
At the probation violation hearing, the probation officer testified that the Phoenix House rules prohibit alcohol consumption by its residents and that Rubio had admitted that he violated the rule in his presence and that of the director of Phoenix House. They decided that Rubio would not be discharged from Phoenix House because of his honesty.
The director also testified at the hearing and stated that Rubio was discharged not only for being arrested but for a culmination of violations. She said that in addition to consuming alcohol, he had also once improperly left the county and smoked cigarettes. She admitted on cross-examination that it was, however, the arrest based upon the initial affidavit which ultimately led to Rubio’s dismissal. Rubio’s girlfriend, testified only that they had argued and made no mention of threats.
The trial court concluded that Rubio had not violated probation by committing another crime, but because he was discharged from Phoenix House before completing the program, the court revoked probation and imposed the judgement and sentence now appealed.
A trial court’s revocation of probation is reviewed under the standard of an abuse of discretion. See Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996). However, there must be evidence in the record to support a finding that any violation was willful and substantial. See id. In the context of failure to complete a substance abuse program, the failure is a *1022 willful violation if the failure can be shown to be the fault of the probationer. See Rainer v. State, 657 So.2d 1230, 1230 (Fla. 4th DCA 1995). In Curry v. State, 379 So.2d 140, 141 (Fla. 4th DCA 1980), the court stated the analysis in a slightly different manner: “When a defendant’s probation is sought to be revoked because of his failure to successfully complete a designated rehabilitation program, some evidence must be submitted to show that the defendant was in some manner responsible for such failure.”
It was the trial court’s duty at the revocation hearing to determine whether Rubio was at fault for his dismissal or whether he was “in some manner responsible” for his dismissal. The trial courts comments at the hearing suggest that Ru-bio’s consumption of alcohol was also an issue, but the State concedes in its brief that the revocation was only because of his dismissal from Phoenix House. It is clear that Rubio was discharged from Phoenix House because he was arrested for probation violation. The director testified that there were other violations by Rubio which could have supported discharge and the arrest was the proverbial “straw that broke the camel’s back.” But, Rubio was not discharged for those other violations. In fact, Rubio was specifically not discharged for alcohol consumption due to his honesty and other good behavior. He was discharged because he was arrested for probation violation based upon the charge that he threatened his girlfriend, a charge that the trial court determined to be invalid. The determination that the threat had not been made invalidated the reason for the discharge from the Phoenix House program.
Because Rubio prevailed on the reason for his original arrest, he could not be “in some manner responsible” for his dismissal from the Phoenix House program and we must vacate the order of revocation of probation and the judgment and sentence imposed after revocation. We remand to the trial court for reinstatement of his original sentence.
REVERSED and REMANDED.
HARRIS, PETERSON and PLEUS, JJ., concur.