PALMER, J.
Michael Gene Jacobs seeks a writ of mandamus to compel the trial court to resentenee him, contending that the trial court used an erroneous scoresheet in sentencing him for violating his probation. However, Jacobs has not alleged that he has filed any motion in the trial court seeking correction of his scoresheet and resentencing. As explained in Medberry v. Circuit Court for Brevard County, 762 So.2d 1037 (Fla. 5th DCA 2000), an appellate court will not consider a petition for mandamus to compel- a respondent to perform the requested action unless the petitioner has first made an express, distinct demand for performance on the respondent.
In addition, mandamus is not the proper vehicle to address errors in a criminal case where a direct appeal and postconviction motions provide adequate remedies. See Donald v. State, 755 So.2d 816 (Fla. 1st DCA 2000). Jacobs has an adequate alternative remedy. He can file a rule 3.800(a) or rule 3.850 motion seeking correction of his guideline scoresheet and resentencing. See Fla. R.Crim. Proc. 3.800; 3.850. Accordingly, the petition for writ of mandamus is denied, without prejudice to Jacobs filing an appropriate motion for post conviction relief in the trial court.
PETITION DENIED WITHOUT PREJUDICE.
THOMPSON, C.J., and PLEUS, J., concur.