840 So.2d 267 (2003)
Jeffrey R. HASTINGS, Petitioner,
v.
Hon. Barry KRISCHER, State Attorney, Respondent.
No. 4D02-2426.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Rehearing Denied April 7, 2003.
Jeffrey R. Hastings, Daytona Beach, pro se.
No response required for respondent.
PER CURIAM.
By order dated September 6, 2002, this court denied the pro se petition for writ of mandamus filed by Jeffrey R. Hastings (Petitioner). Petitioner sought to compel *268 State Attorney Barry Krischer (Krischer) and the circuit court to "obey the law" concerning habitualization and to resentence him without habitualization, citing the failure to comply with the procedural requirements of section 775.084, Florida Statutes (1979), at his 1980 sentencing. Concurrent with the denial of his petition, this court ordered Petitioner to show cause why he should not be prohibited from filing any further pro se petition or appeal raising issues that were previously raised in any prior petition or appeal. Petitioner has now filed his response, which merely duplicates some of his earlier arguments.
In L.T. Case No. 79-3126, Petitioner was charged by indictment with six counts of first degree murder and three counts of attempted first degree murder, all alleged to have occurred on August 13, 1979, in connection with the alleged dumping overboard of nine Haitians during a smuggling operation from the Bahamas to Florida. A jury convicted him in 1980 of six counts of manslaughter and three counts of simple assault, all lesser included offenses. Petitioner was determined to be a habitual offender and was sentenced to thirty years for each manslaughter, the sentences to be served consecutively, for a total sentence of 180 years. (The sentences for the assaults have been fully served and are not at issue.).
The mandate issued in his direct appeal on April 26, 1982. A long history of pro se collateral attacks on his convictions and sentences ensued.[1] He filed the instant *269 *270 petition for writ mandamus with this court on June 17, 2002. In it, he sought to compel the state attorney to comply with section 775.084, Florida Statutes (1979), by giving notice that an enhancement hearing would be held, and with section 775.084(3)(b), by serving written notice of the state's intent to habitualize. Petitioner also sought to compel both the state attorney and the trial court to comply with section 775.021(1)(language susceptible of differing constructions should be construed favorably to accused) and (4)(providing separate sentencing for each offense committed in a criminal episode, excluding lesser included offenses, with sentences to be either concurrent or consecutive), and with Hale v. State, 630 So.2d 521 (Fla.1993)(holding habitual offender statute did not authorize imposition of consecutive habitual felony offender sentences for multiple crimes committed during single criminal episode), cert. denied, 513 U.S. *271 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). As support for his argument that the six manslaughter counts arose from the same criminal episode for purposes of precluding consecutive habitual sentencing, Petitioner attached affidavits from his trial counsel and himself, stating that the state and trial court agreed prior to trial that the offenses arose from a single incident (for purposes of denying his request for severance of the counts for separate trials).
Clearly, mandamus is not available to remedy alleged errors in a criminal case where the avenues of direct appeal and motions for postconviction relief provide an adequate remedy. See Jacobs v. State, 827 So.2d 294 (Fla. 5th DCA 2002); Donald v. State, 755 So.2d 816 (Fla. 1st DCA 2000)(denying petition for writ of mandamus complaining of actions or omissions of trial judge and defense counsel in criminal prosecution, for which direct appeal and postconviction relief are adequate remedies).
In this case, if there had been any defect in the giving of notice that the state would seek to enhance Petitioner's sentence under the habitualization statute, or in its giving notice of a hearing on that issue, so that Petitioner arguably was prejudiced in his ability to prepare his defense, his attorney should have preserved the error for appeal and the issue should have been raised on direct appeal. If trial counsel failed to preserve the error, then Petitioner's remedy would have been a timely motion pursuant to rule 3.850, Florida Rules of Criminal Procedure. See Fla. R.Crim. P. 3.850(b). If trial counsel preserved the error but appellate counsel failed to raise it on appeal, the remedy would have been a timely petition alleging the ineffective assistance of appellate counsel. See Fla. R.App. P. 9.141(c)(4). Such defects in procedure would not make the resulting habitual sentence "illegal" so as to be susceptible to challenge at any time. Compare Carter v. State, 786 So.2d 1173 (Fla.2001)(holding that imposition of habitual offender sentence may be challenged pursuant to rule 3.800(a) at any time where no judge could have inflicted the sentence under any set of factual circumstances, such as when the felony was one for which the statute did not provide for habitualization at the time the offense was committed), with Hollis v. State, 763 So.2d 1155 (Fla. 4th DCA 2000)(affirming order summarily denying rule 3.800(a) motion; claim that state failed to serve notice of intent to habitualize required evidentiary hearing, thus, motion to correct allegedly illegal sentence could not be used to resolve issue of notice), and Hope v. State, 766 So.2d 343 (Fla. 5th DCA 2000)(mere allegation of defective habitualization process does not constitute illegal sentence).
Even if it could be considered, Petitioner cannot be entitled to relief from his misreading the 1979 version of section 775.021(4)[2] as precluding consecutive sentencing whenever a defendant is found guilty of a lesser included offense; the provision merely precludes sentencing a defendant for an offense as well as sentencing him/her for any lesser included offense(s) for which he/she could also have been found guilty.
Finally, the argument that Petitioner's six manslaughter offenses were committed within a single criminal episode so as to *272 preclude consecutive habitual sentencing under Hale was decided on the merits in a rule 3.850 motion, which he timely filed within two years after the issuance of State v. Callaway, 658 So.2d 983 (Fla.1995)(announcing the retroactive application of Hale ). The trial court's finding that the record demonstrated conclusively that Petitioner had committed six separate and distinct acts of manslaughter, as demonstrated by the state's response and attachments, was affirmed by this court on the merits, although per curiam and without opinion, in Closed Case No. 4D97-825. Hastings v. State, 701 So.2d 881 (Fla. 4th DCA 1997)(Table).
In response to this court's order to show cause, Petitioner merely reasserts the same issues, arguing that they were not addressed on the merits. He emphasizes that he did not receive notice of the state's intent to seek habitual sentencing or notice of the enhancement hearing, citing cases in which such defects resulted in reversal on direct appeal. By motion to supplement his response, he asks this court to treat the instant mandamus petition as a rule 3.800(a) motion and direct the trial court to address it on the merits.
The notice issues raised by Petitioner are not ones that can be considered on the merits at this late date. Further, if there was evidence in the record bearing on the question of whether Petitioner's offenses were committed in one criminal episode, it should have been raised in the rule 3.850 motion in which that issue was addressed on the merits. The law of the case doctrine applies to a rule 3.800(a) motion when the defendant seeks to litigate a specific issue adversely decided in an earlier postconviction proceeding, even if the issue pertains to the legality of the sentence, see Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA), cause dismissed, 678 So.2d 1287 (Fla.), appeal dismissed, 683 So.2d 484 (Fla.1996), so long as the earlier motion was considered on the merits and not denied on procedural grounds, cf. Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999)(consideration not barred by law of the case because motion was first denied on procedural grounds).
After due consideration, we conclude that Petitioner should be barred from any further pro se filings in this court, either an appeal or an original petition, raising the same issues as previously raised in any prior petition or appeal, as his repetitive duplicative filings have impeded this court's ability to devote its resources to the consideration of legitimate claims. We hereby prohibit Petitioner from filing any petition or appeal that raises such issues in this court unless such filing is signed by a member of The Florida Bar. If Petitioner violates this prohibition, he will face sanctions. See Prince v. State, 719 So.2d 346 (Fla. 4th DCA 1998), review denied, 732 So.2d 328 (Fla.1999).
FARMER, STEVENSON and MAY, JJ., concur.
NOTES
[1] In 1985, Petitioner filed a rule 3.850 motion for postconviction relief in which he raised the same grounds as were raised in his direct appeal. The trial court denied the motion and this court affirmed per curiam without opinion. Hastings v. State, 482 So.2d 361 (Fla. 4th DCA 1986)(Table).

On December 7, 1989, Petitioner filed a petition for writ of habeas corpus with the circuit court, raising some of the issues previously raised on appeal and in the rule 3.850 motion; he later filed an amendment to raise double jeopardy and receiving a disparate sentence from his black co-defendant, who was sentenced to only fifteen years concurrently for the same offenses; he later filed "supplemental authority," asserting his sentences should be concurrent because all charges occurred in the same episode. The trial court denied the petition, finding it procedurally barred.
On May 11, 1990, Petitioner filed a rule 3.800(a) motion and supplemental authority, arguing that his consecutive habitual sentences should be concurrent. The trial court denied the motion and this court affirmed per curiam without opinion. Hastings v. State, 576 So.2d 1326 (Fla. 4th DCA 1991)(Table).
On July 12, 1993, Petitioner filed a motion to vacate defendant's status as a habitual offender, arguing that one of the prior convictions originally used to classify him as a habitual offender, L.T. Case No. 80-696, had been vacated. The trial court denied the motion, the motion for rehearing, and the supplement to motion for rehearing, and this court affirmed per curiam without opinion. Hastings v. State, 626 So.2d 1384 (Fla. 4th DCA 1993)(Table).
On August 30, 1993, Petitioner filed a petition for writ of habeas corpus in this court, alleging the ineffective assistance of his appellate counsel. After issuing an order to show cause, this court denied the petition. (Closed Case No. 4D93-2581).
On November 15, 1993, Petitioner filed a rule 3.800(a) motion, arguing that his consecutive sentences should be concurrent because they arose from a single episode, the court failed to make necessary findings, a qualifying conviction was vacated, and habitual sentences may not be made consecutive under Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994). The trial court denied the motion and this court affirmed. Hastings v. State, 642 So.2d 762 (Fla. 4th DCA 1994)(Table).
On October 3, 1994, Petitioner filed another rule 3.800(a) motion, contending that his consecutive habitual sentences should be concurrent and that Hale should be applied retroactively. The trial court denied the motion.
On February 10, 1995, Petitioner filed another rule 3.850 motion, arguing that the consecutive sentences were illegal under Hale and Callaway v. State, 642 So.2d 636 (Fla. 2d DCA 1994), approved, 658 So.2d 983 (Fla. 1995), which the trial court apparently denied as successive. This court reversed and remanded because there were no record attachments demonstrating that the six drownings could be considered separate for purposes of consecutive sentencing. See Hastings v. State, 670 So.2d 1176 (Fla. 4th DCA 1996). The state then submitted a second response, to which Petitioner responded with several motions, including a motion to vacate his status as a habitual offender, based on the vacation of L.T. Case No. 80-696. The state filed another response addressing, inter alia, that claim, asserting that the conviction in L.T. Case No. 80-696 was not necessary to support Petitioner's habitualization. The trial court denied the motion, making a finding that the record demonstrated conclusively that Petitioner had committed six separate and distinct acts of manslaughter. It also found that the state's response and attachments demonstrated that Petitioner was not entitled to further relief. Petitioner appealed and this court affirmed per curiam without opinion. Hastings v. State, 701 So.2d 881 (Fla. 4th DCA 1997)(Table).
On January 30, 1996, Petitioner wrote a letter to the trial court, claiming that DOC incorrectly determined that his sentences in L.T. Case No. 79-3126 did not commence until April 4, 1985, rather than the date of sentencing. The trial court treated the letter as a motion for credit for time served and ordered a response. After holding a status conference, the trial court denied his letter/motion for clarification based on the state's response which indicated that the instant sentences were consecutive to Petitioner's five-year sentences in L.T. case nos. 74-179 and 73-787, which did not expire until April 4, 1985. This court affirmed per curiam without opinion. Hastings v. State, 693 So.2d 558 (Fla. 4th DCA 1997)(Table).
On December 2, 1997, Petitioner filed a rule 3.850 or rule 3.800(a) motion for postconviction relief, in which he again sought to vacate his habitual offender status and sentences based on the "newly discovered evidence" of the vacated conviction in L.T. Case No. 80-696. Also filed was a sworn memorandum of law which mentioned that Petitioner was never served written notice of habitualization, did not know why he was to appear in court the day of the habitualization hearing, and was not allowed a continuance to prepare for it. In its response, the state argued, inter alia, that Petitioner should be prohibited from filing any future pro se pleadings and warned that future pleadings could expose him to the loss of gain time pursuant to section 944.28(2)(a). On August 25, 1998, Petitioner filed a response to the state's response, complaining that the issue raised had never been addressed on its merits. In an order dated August 26 and entered August 27, 1998, the trial court summarily denied Petitioner's motion for postconviction relief and his motion for evidentiary hearing and new habitual and resentencing hearings, and prohibited him from filing any future pro se motions, adopting the state's response and exhibits. This court affirmed per curiam without opinion. Hastings v. State, 729 So.2d 937 (Fla. 4th DCA 1998)(Table), writ dismissed, 729 So.2d 917 (Fla.1999)(Table).
On June 23, 1999, Petitioner filed in the supreme court a pro se letter to Justice Barbara Pariente's staff attorney, which was treated by the supreme court as a petition for writ of habeas corpus and was transferred to this court. In the letter, Petitioner sought relief from his habitualization in the instant case based on his conviction in L.T. Case No. 80-696, which he argued was then under appeal and which did not become final until November 4, 1981. This court summarily denied the petition. (Closed Case No. 4D99-3148).
On June 5, 2000, Petitioner wrote a letter to Judge John Phillips, asking him to issue an amended commitment to DOC, stating that Petitioner's sentences commenced service on June 24, 1980. In response, Judge Richard I. Wennet issued an order, stating that the court had reviewed the letter and attached documents and ordered that the letter failed to invoke the jurisdiction of the court, but that it would remain a part of the court file. In response to that order, Petitioner filed in Judge Wennet's division a motion to amend commitment or clarify starting date of sentence, in which he requested an order to the effect that his sentences in L.T. Case No. 79-3126 commenced on the date of imposition of sentence, June 24, 1980. On August 9, 2000, Judge Wennet issued an "order striking defendant's motion to proceed on appeal in forma pauperis." The body of the order reflected that what was actually being stricken was Petitioner's motion to be declared indigent filed July 28, 2000. It explained that "The August 26, 1998 order, affirmed on February 19, 1999, precluded the defendant from filing any further motion in this proceeding as he has abused the judicial process." Petitioner filed a notice of appeal from the order dated August 9, 2000, which was set up in this court as a petition for writ of certiorari, Case No. 4D00-3242.
On August 15, 2000, Petitioner filed a motion to clarify court's order of August 9, 2000, in which he explained that he had never filed a motion to proceed on appeal in forma pauperis in this case; all he had filed was a request for the court to clarify the date his sentence started. He also argued that the trial court went too far in barring him from filing pro se motions, a show cause order and response being necessary before such sanctions may be imposed. In an order dated August 31, 2000, the trial court struck the motion to clarify court's order of August 9, 2000, and directed the clerk of the court not to accept any pro se motions from Petitioner, pursuant to the August 26, 1998 order. Petitioner filed a notice of appeal from the August 31 order, which was set up in this court as a second petition for writ of certiorari, Case No. 4D00-3237. The two petitions were consolidated and Petitioner was ordered to file a petition and appendix. Petitioner filed a petition in which he argued that he did not file a motion to proceed on appeal in forma pauperis, he did not receive due process in being barred from further pro se pleadings, and he was serving an illegal sentence in that his sentences should have been made concurrent and as such they would have expired in 1994. This court issued an order to show cause and in a lengthy opinion issued June 30, 2001, this court denied the petition. This court concluded that even though the record did not demonstrate that Petitioner was afforded notice and an opportunity to be heard before the order of August 26, 1998, was entered, that order had been appealed and affirmed and the law of the case doctrine precluded Petitioner from raising issues which could have been raised in the prior appeal. With respect to his consecutive sentencing, this court pointed out that Petitioner had raised the issue numerous times previously and that his arguments were considered and the sentences affirmed. See Hastings v. State, 789 So.2d 1108 (Fla. 4th DCA 2001).
On September 27, 2000, Petitioner filed a petition for writ of mandamus, seeking to compel Judge Wennet to issue an order that his sentence commenced on the date of imposition, June 24, 1980, and the reversal of the order barring any further pro se motions, which this court summarily denied. (Closed Case No. 4D00-3413).
On August 25, 2000, Petitioner filed a petition for writ of habeas corpus with the supreme court, which transferred it to the circuit court as a rule 3.800(a) motion. He argued that (1) his sentences should have been imposed concurrently pursuant to Hale and also because he interpreted the wording of section 775.021(4) at the time of the offense to preclude consecutive sentencing for lesser included offenses; (2) he was being illegally detained because he was not given written notice of the state's intention to habitualize him; and (3) the trial court erred in allowing into evidence the taped and written statements of his non-testifying co-defendant, implicating him, in violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). He asked that the court order his sentences be imposed concurrently and that he be discharged because once corrected, his sentences would have expired years ago; he also argued that a new trial was warranted on the fundamental error of denying him a severance and the admission of the co-defendant's testimony. The petition was summarily denied as legally insufficient and this court affirmed per curiam without opinion. Hastings v. State, 827 So.2d 1008 (Fla. 4th DCA 2002)(Table).
[2] (4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.

§ 775.021(4), Fla. Stat. (1979)(emphasis added).