898 So.2d 1126 (2005)
Alvin Melvin HARRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-2365.
District Court of Appeal of Florida, Third District.
March 30, 2005.
*1127 Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before COPE, CORTINAS and ROTHENBERG, JJ.
PER CURIAM.
Alvin Melvin Harris appeals an order revoking his probation. The question presented to the trial court for resolution at the revocation hearing was whether the failure of defendant-appellant Harris to complete the Mentally Disordered Sexual Offender (MDSO) Treatment Program was willful or was involuntary, owing to the defendant's limited intellectual capabilities. After hearing the testimony of the program director and the treating personnel, the court concluded that a willful violation had been demonstrated.
"On appeal from the trial court's decision on the issue [revocation of probation], the standard of review is abuse of discretion." State v. Carter, 835 So.2d 259, 262 (Fla.2002); Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974). As part of such review, "there must be evidence in the record to support a finding that any violation was willful and substantial." Rubio v. State, 824 So.2d 1020, 1021 (Fla. 5th DCA 2002); see Bernhardt, 288 So.2d at 501 (concluding that the defendant received "due process ...; the evidence was sufficient to justify revocation; and the trial court did not abuse [its] discretion in revoking probation.").
We conclude that competent substantial evidence supports the trial court's finding of a willful violation. That being so, the trial court acted within its discretion in revoking the defendant's probation. We have carefully considered the defendant's arguments to the contrary, but are not persuaded thereby.
Affirmed.