PER CURIAM.
Appellant challenges the revocation of his probation based on his discharge from a drug treatment facility for writing an inappropriate unsolicited letter to a woman outside of the facility. We reverse because Appellant’s letter and subsequent discharge from the facility did not constitute a willful and substantial violation of his probation.
Successful completion of a drug treatment program was a condition of Appellant’s probation, but, for Appellant’s failure to complete the program to be a willful violation of probation, the evidence must show that he was at fault or “in some manner responsible” for his dismissal from the program. See Rubio v. State, 824 So.2d 1020, 1022 (Fla. 5th DCA 2002). The trial court has considerable discretion in determining whether a violation of probation has occurred, State v. Carter, 835 So.2d 259, 262 (Fla.2002), but, for a probationer to be at fault or responsible for his dismissal, he must at least be informed that dismissal is a potential sanction for the behavior at issue. Cf. Bennett v. State, 684 So.2d 242 (Fla. 2d DCA 1996) (holding that defendant’s refusal to admit to charged offense leading to his dismissal from treatment program was not willful violation of probation because defendant had not been advised that he would have to admit to offense in order to complete probation).
Here, the treatment facility director admitted that Appellant did not violate any specific rule by sending the letter and that Appellant was never told that he could be dismissed from the program for sending letters to persons outside of the *413 facility. Accordingly, although it is undisputed that Appellant sent the letter at issue (and that the letter was in poor taste), the evidence fails to establish that Appellant’s dismissal from the program for sending the letter constitutes a willful violation of his probation. Thus, the trial court abused its discretion in revoking Appellant’s probation.
For these reasons, the order revoking Appellant’s probation is reversed and this case is remanded to the trial court to reinstate Appellant’s probation.
REVERSED and REMANDED with directions.
DAVIS, LEWIS and WETHERELL, JJ., concur.