WELLS, Chief Judge.
Titus Henley appeals from an order revoking his probation. While we affirm the revocation, finding that there is competent, substantial evidence to support it, we reverse portions of the order on review because (1) the State has properly agreed that the order as written, in part, does not conform to the record below or to the lower court’s oral pronouncements and (2) the order is predicated in part on claims abandoned by the State below.
On June 24, 2008, Henley entered a plea of nolo contendere to charges of organized fraud, grand theft in the second degree, fraudulent use of identification, exploitation of the elderly, and forgery by use of a credit card in exchange for a sentence of five years of probation. In November of 2009, the State filed an amended affidavit of violation of probation stemming from new charges in three separate case numbers: F09-0042769 [1], M09-28211 and F09-16471A. Specifically, in case number F09-0042769, the State charged Henley with attempted burglary. In case number M09-28211, the State charged Henley with trespass of an occupied structure. And, in case number F09-16471A, the State charged Henley with: six counts of grand theft in the third degree (Counts I-VI); one count of fraudulent use or possession of personal identification with intent to fraudulently use (Count VII); one count of exploitation of the elderly/disabled (Count VIII); one count of grand theft in the second degree (Count X); five counts of cashing or depositing an item with intent to defraud (Counts XI-XV); and five counts of uttering a forged instrument (Count XVI-XX).[2]
During the revocation hearing held on June 1, 2010, the State announced that it would not proceed on the attempted burglary and trespass charges in case numbers F09-0042769 and M09-28211. As to the remaining case, F09-16471A, the State announced that it would not proceed on Counts I-VIII, leaving only Counts X-XX as the basis for revocation of Henley’s probation. At the conclusion of the hearing, the trial court orally found that Henley had violated his probation on these remaining counts.
On June 4, 2010, the trial court held a sentencing hearing on the probation violation. At that time, the State asked the court to rescind its oral determination that Henley had violated Count X for grand theft in the second degree. Henley agreed to this request and the trial court orally sentenced Henley on Counts XI-XX in case number F09-16741A to forty-eight months in prison, to be followed by five years of probation. Despite the State’s abandonment of many of its claims against Henley and its request that Henley not be found to have violated Count X of F09-16741A, the written order entered below found that Henley had violated his probation, as specified in the amended affidavit of violation of probation, by having committed all of the offenses described in case numbers F09-0042769, M09-28211 and F09-16471A. This appeal ensued.
*1127 As the State properly concedes, because the order under review does not conform to the lower court’s oral pronouncement regarding Count X of F09-16471A, we must reverse that portion of the order and remand with instructions that it be stricken. See Salvatierra v. State, 691 So.2d 32, 32 (Fla. 3d DCA 1997) (“A written order of probation revocation must conform to the court’s oral pronouncement at a defendant’s probation revocation hearing.”). We also reverse those portions of the order predicated on the violations alleged in F09-0042769 and M09-28211, and on Counts I-VIII in F09-16471A, as those claims were all abandoned by the State before the revocation hearing commenced.
We do, however, find that competent, substantial evidence was adduced to establish that Henley willfully violated substantial conditions of his probation predicated on counts XI-XX in case number F09-16471A. See Harris v. State, 898 So.2d 1126, 1127 (Fla. 3d DCA 2005) (“[T]here must be evidence in the record to support a finding that any violation was willful and substantial.” (quoting Rubio v. State, 824 So.2d 1020, 1021 (Fla. 5th DCA 2002))); see also Thompson v. State, 994 So.2d 468, 471 (Fla. 3d DCA 2008) (“Hearsay evidence is admissible at probation revocation hearings as long as it is not the only evidence relied upon to revoke probation.”).
We therefore affirm in part and reverse in part and remand this matter with instructions.

. The State notes in its Initial Brief that case number F09-0042769 is "most likely a scrivener’s error and should actually [have] been a different case number 'F09-13394.' ”

. The State did not allege a violation of probation for the charge of obtaining a mortgage or promissory note by false representation (Count IX).