PER CURIAM.
The Defendant appeals an order summarily denying his rule 3.800(a) motion to correct illegal sentence. We affirm.
Although the trial court failed to attach portions of the record to refute the facially sufficient allegations, the same ground for relief was raised and rejected on direct appeal, Moore v. State, 727 So.2d 941 (Fla. 4th DCA 1998) (Table). The law of the case precludes its reconsideration now. See State v. McBride, 848 So.2d 287, 290-91 (Fla.2003); Hastings v. Krischer, 840 So.2d 267, 272 (Fla. 4th DCA 2003).
If we were to reach the merits, we would still affirm. See Terry v. State, 808 So.2d 1249, 1252 (Fla.2002) (“[I]f a defendant agrees to a hybrid split sentence as part of an otherwise valid plea agreement and the negotiated sentence does not exceed the statutory maximum for the particular offense involved, the court may impose incarceration under the guidelines followed by probation as an habitual offender.”).

Affirmed.

MAY, C.J., POLEN and CONNER, JJ., concur.