PER CURIAM.
DENIED. The arguments petitioner raises concerning the propriety of the lower tribunal’s most recent order denying postconviction relief are appropriately raised in the pending appeal in case number 1D15-3453. See, e.g., Hastings v. Krischer, 840 So.2d 267 (Fla. 4th DCA 2003) (mandamus does not lie to remedy alleged errors in a criminal case where postconviction motion or appeal provide an adequate remedy).
The court’s records reflect that since January 2014, petitioner has appeared as pro se petitioner or. appellant in approxi *558 mately 20 cases. The central argument being raised by petitioner in his various cases is not frivolous, but many of his filings, including this one, were duplicative or otherwise patently unnecessary. Petitioner’s continued practice of inundating the court with redundant and excessive petitions, appeals, and motions has wasted judicial resources and unnecessarily delayed the ultimate resolution of his case. The Court will strike any future filings by petitioner that are duplicative or excessive, and if petitioner continues to engage in abusive filings, the Court may prohibit him from appearing as a litigant in this court unless represented by counsel.
OSTERHAUS, and KELSEY, JJ„ concur.
SWANSON, J., concurs in result only.