# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-925 consolidated with No. 3D15-1572
into No. 3D15-1572
Lower Tribunal Nos. 07-17576A and 09-16471A

_____

**Titus Laqual Henley,**
Petitioner,

vs.

**The State of Florida,**
Repondent.


A Case of Original Jurisdiction -- Mandamus.

Titus Laqual Henley, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondent.


Before SALTER, LOGUE and SCALES, JJ.

PER CURIAM.

Titus Laqual Henley filed a petition for writ of mandamus with this Court to "remedy the procedural issues" in his 2010 probation revocation hearing (case number 3D15-925). Henley also filed a petition for writ of mandamus with this Court to vacate his subsequent conviction and sentencing in his 2011 criminal trial (case number 3D15-1572). These are Henley's fourth and fifth mandamus petitions to this Court this year, and his tenth and eleventh cases before this Court since 2011.[1] For the purposes of this opinion, we consolidate 3D15-925 and 3D15-1572 under case number 3D15-1572; and for the reasons set forth below, we deny the petitions and issue an order requiring Henley to show cause as to why the Court should not prohibit Henley from future pro se filings.

In 2008, Henley pled guilty to five felony offenses for which he received a sentence of five years of probation. These felony offenses involved a scheme to defraud, grand theft, criminal use of a personal ID, exploitation of an elderly person, and forgery of a credit card. This case is reflected in lower tribunal case number 07-17576A.

---

[1] Henley v. State, 3D15-606 (Fla. 3d DCA June 12, 2015) (consolidated with 3D15-858); Henley v. State, 3D15-1262 (Fla. 3d DCA June 9, 2015); Henley v. State, 163 So. 3d 1207 (Fla. 3d DCA 2015) (Table); Henley v. State, 152 So. 3d 583 (Fla. 3d DCA 2014) (Table) (consolidated cases 3D14-2573 and 3D14-2623); Henley v. State, 151 So. 3d 1256 (Fla. 3d DCA 2014) (Table); Henley v. State, 124 So. 3d 239 (Fla. 3d DCA 2013) (Table); Henley v.State, 117 So. 3d 1125 (Fla. 3d DCA 2012).

Henley was subsequently arrested on numerous charges, again related to alleged fraud, theft and exploitation of the elderly. Based on these charges, the State sought to revoke Henley's probation in case number 07-17576A. The State also sought to prosecute Henley for these charges in case number 09-16471A.

During Henley's revocation of probation hearing in June of 2010, the State decided not to proceed on certain of the charges included in case number 09-16471A, instead choosing to pursue revocation of Henley's probation only on counts of grand theft, cashing or depositing an item with intent to defraud, and uttering a forged instrument. The trial court found that Henley had violated the terms of his probation and sentenced Henley to a term of four years in prison and five years of probation for the charges associated with case number 07-17576A.[2]

In October of 2011, Henley went to trial in case 09-16471A and was found guilty on twenty-three counts. He was sentenced to fifteen years in prison and ten years of probation. After a post-conviction hearing in which Henley challenged several of the conviction counts on double jeopardy grounds, the trial court vacated the convictions and accompanying sentences for ten of the twenty-three counts. Represented by appointed counsel, Henley was re-sentenced on September 26, 2014. Henley again received a sentence of fifteen years in prison and ten years of

_____

[2] A procedural error pertaining to the grand theft count was corrected by this Court in Henley v. State, 117 So. 3d 1125 (Fla. 3d DCA 2012). This Court otherwise upheld the trial court's revocation of probation. Id. at 1127.

3

probation. Henley's direct appeal of his convictions and re-sentencing was affirmed by this Court in Henley v. State, 152 So. 3d 583 (Fla. 3d DCA 2014) (Table).

The two mandamus petitions under review here allege that, in both the 2010 probation revocation hearing and the 2011 trial, a twin sister testified in place of the sister who was properly subpoenaed to testify.[3] Henley argues that, as a result of the twins' alleged false testimony, this Court should direct the trial court to provide appropriate relief by addressing and correcting errors in both his 2010 probation revocation hearing and his 2011 criminal trial.

Henley did not raise this issue on direct appeal or in his several post-conviction motions. Mandamus is not an appropriate remedy in the instant cases because the trial court has not failed in the performance of a legal duty. Wade v. Miami Dade Bd. of Cnty. Comm'rs, 922 So. 2d 402 (Fla. 3d DCA 2006) (Mem); Jacobs v. State, 827 So. 2d 294, 294 (Fla. 5th DCA 2002) (Mem) ("[M]andamus is

---

[3] To complicate matters further, Henley, in 3D15-925, filed an amended petition for writ of mandamus in addition to his pending petition for writ of mandamus. The amended petition raised a different issue from that of Henley's initial petition. In this amended petition, Henley claims entitlement to a re-sentencing hearing for his 2011 conviction, having filed three post-conviction motions in the trial court for this purpose in January and February of 2015. The trial court, however, considered and denied these three motions on July 15, 2015, mooting the amended petition that Henley filed in 3D15-925.

not the proper vehicle to address errors in a criminal case where a direct appeal and postconviction motions provide adequate remedies.").

Therefore, we deny Henley's petitions seeking writs of mandamus, which we have consolidated.

ORDER TO SHOW CAUSE

Perhaps some early success by Henley in correcting the lower court's procedural errors  has emboldened Henley to file indiscriminate petitions with this Court.  Henley is hereby ordered to show cause, within forty-five days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, petitions, motions or other proceedings related to his criminal convictions or sentencing in circuit court cases 09-16471A and 07-17576A.

If Henley does not demonstrate good cause, any such further and unauthorized filings by Henley will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. See § 944.279(1), Fla. Stat. (2014).

Petitions denied. Order to show cause issued.