# Third District Court of Appeal

## State of Florida

Opinion filed April 04, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-579
Lower Tribunal No. 15-23351
_____

**Andres Ambrosio Duquesne,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

ROTHENBERG, C.J.

The defendant, Andres Ambrosio Duquesne, appeals from the revocation of his probation and the order sentencing him to ten years in prison. Although we conclude that some of the violations alleged were not proven at the probation violation hearing, we nevertheless affirm the trial court's revocation of the defendant's probation and the sentence imposed.

In February 2016, the defendant pled guilty to burglary of an unoccupied conveyance and third-degree grand theft, he was adjudicated guilty, and he was sentenced to a term of incarceration followed by two years of probation. The defendant began his two-year probationary period in April 2016, and by June 2016, his probation officer, Officer Phillipe, filed an affidavit of violation of probation, which was amended on September 14, 2016. The amended affidavit alleges, in part, that the defendant violated the following conditions of his probation: Condition (1) by failing to make a full and truthful report to the probation officer and by failing to report to the probation officer as directed as of June 15, 2016; Condition (3) by changing his residence without first procuring the consent of the probation officer and absconding, and that his whereabouts were unknown; Special Condition (18) by failing to complete the Court Options Recidivism Prevention Program ("CORP Program") by June 15, 2016; Condition (5) by failing to live and remain at liberty without violating any law by committing the criminal offenses of third-degree grand theft and obstruction by disguised person on August 16, 2016

(lower tribunal case number F16-17697), and by committing the criminal offenses of third-degree grand theft and obstruction by disguised person on July 13, 2016 (lower tribunal case number F16-17698).

During the probation violation hearing, the State called three witnesses—Detective Moises and Detective Fernandez of the Coral Gables Police Department and Probation Officer Phillipe. At the conclusion of the hearing, the trial court found that the defendant willfully and substantially violated his probation based on the violations of the above stated conditions. The trial court revoked the defendant's probation and entered an order sentencing the defendant to ten years in prison. The defendant's appeal followed.

We review the trial court's revocation of the defendant's probation for an abuse of discretion. See State v. Carter, 835 So. 2d 259, 262 (Fla. 2002); Forbes v. State, 38 So. 3d 232, 233 (Fla. 3d DCA 2010). Further, "[a]s part of such review, 'there must be evidence in the record to support a finding that any violation was willful and substantial.'" Harris v. State, 898 So. 2d 1126, 1127 (Fla. 3d DCA 2005) (quoting Rubio v. State, 824 So. 2d 1020, 1021 (Fla. 5th DCA 2002)).

First, the State has properly conceded that at the probation violation hearing, it failed to introduce any evidence as to the new law offenses allegedly committed on July 13, 2016, charged in lower tribunal case number F16-17698. Accordingly, we remand with directions for the trial court to strike its findings that the defendant

3

violated his probation by committing the new law violations charged in lower tribunal case number F16-17698.

The defendant also contends that the trial court committed fundamental error by revoking his probation based, in part, on a ground not alleged in the amended violation of probation affidavit—the theft of a cell phone from a bail bondsman's office on August 24, 2016. As the trial court did not rely on this theft in revoking the defendant's probation or in sentencing him to ten years in prison, we conclude no fundamental error occurred.

Next, the defendant challenges the trial court's finding that he violated Condition (3) of his probation by changing his residence without the consent of his probation officer and by absconding from supervision. Although the record reflects that the defendant was homeless when he began his two-year probationary period and, at the time of his arrest in August 2016, the defendant was still homeless, the record also reflects that the defendant absconded from supervision and his whereabouts remained unknown until his arrest on August 26, 2016. We, therefore, find that the trial court's finding that the defendant violated Condition (3) of his probation is supported by the record.

The record evidence also supports the trial court's determination that the defendant violated Condition (1) of his probation by failing to make a full and truthful report to the probation officer and by failing to report to the probation

4

officer as directed. Officer Phillipe testified that when the defendant was placed on probation, he was advised of all of the conditions of his probation, including the condition that he must report to his probation officer immediately after being released from incarceration. Officer Phillipe introduced the February 9, 2016 Order of Probation contained in the court file which additionally reflected that the defendant was informed in writing regarding the condition that he report in person to the probation office within seventy-two hours of his release from incarceration. This order was signed by the defendant, and on the form, the defendant acknowledged that he had been informed of the conditions of his probation, the conditions were explained to him, he agreed to abide by the conditions, and he had been given a copy of the probation order. Officer Phillipe also testified that after the defendant was released from incarceration, the defendant initially reported to the probation office on April 12, 2016, where the defendant met with another probation officer, Officer Gonzalez, and Officer Gonzalez explained to the defendant that he was not his probation officer and that the defendant needed to return the following day to meet with his probation officer (Officer Phillipe). The defendant, however, failed to return the next day or any day thereafter. Although we recognize that a homeless probationer may find it challenging to report to his probation officer as directed, homelessness alone does not justify or excuse a probationer's failure to report. See Lane v. State, 761 So. 2d 476 (Fla. 3d DCA

5

2000). We, therefore, affirm the trial court's finding that the defendant violated Condition (1) by failing to report.

The record also clearly supports the trial court's determination that the defendant violated Condition (5) of his probation by stealing a cell phone from the victim at Le Provencal Restaurant on August 16, 2016 in lower tribunal case number F16-17697. However, because the State failed to introduce any evidence as to the value of the stolen cell phone, we remand for entry and correction of an order reflecting that the defendant violated his probation by committing a petit theft in case number F16-17696. See Collins v. State, 446 So. 2d 268, 269 (Fla. 2d DCA 1984).

Lastly, the defendant contends that the trial court abused its discretion by finding that the defendant violated Special Condition (18) by failing to **enter** and **complete** the CORP Program. We agree. During the probation violation hearing, Officer Phillipe acknowledged that the order of probation required the defendant to **complete** the CORP Program at least three months prior to the end of his two-year probationary period, not enter the program by a specific date, and the defendant still had time to complete the program. Accordingly, we remand with directions for the trial court to strike its finding that the defendant violated Special Condition (18) of his probation order.

In conclusion, the trial court's determination that the defendant willfully and

substantially violated his probation is supported by the record. Because the defendant's violations of his probation were substantial (failing to report, absconding from probation, and committing a theft while on probation) and this was the defendant's second probation violation, we remand solely for the trial court to enter a revocation order consistent with this opinion. Mitchell v. State, 871 So. 2d 1040, 1042 (Fla. 2d DCA 2004) (holding that "[w]here a violation of a condition of community control is reversed on appeal but other violations remain," the appellate court can "remand to the trial court to strike the erroneous violation" where the remaining violations constitute substantial violations and were sufficient to support the revocation).

Because the remaining arguments raised by the defendant were waived, without merit, or do not merit discussion, we decline to address them in this opinion.

Affirmed; remanded with directions.