# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1348 & 3D20-1349
Lower Tribunal Nos. 19-79-A-K & 19-86-A-K
_____

**Eric Wurtzel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

Appeals from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

SCALES, J.

In this consolidated appeal, Eric Wurtzel appeals a September 11, 2020 trial court order that imposed a thirty-month prison sentence on him for probation

violations.[1] The trial court found that Wurtzel violated general conditions and an agreed-to special condition contained in an April 4, 2019 probation order, as modified. Wurtzel neither disputes that he violated probation or that the resulting sentences are lawful. Rather, he maintains in this appeal that the special condition contained in the April 4, 2019 probation order – banishment from the county where his crimes occurred – was invalid. We dismiss Wurtzel's appeal because, in an appeal of a probation revocation, our appellate review is limited to proceedings occurring after the entry of the probation order.

## I. Background

In January 2019, Key West police arrested Wurtzel for committing three petit thefts at stores along Duval Street. Because of his history of felonies for similar crimes, Wurtzel was charged under section 812.014(3)(c) of the Florida Statutes,[2] which enhanced the charges to third-degree felonies. At an April 4, 2019 hearing, the parties presented to the trial court, and the trial court approved, a negotiated plea

[1] In lower tribunal case number 2019-CF-79, the State charged Wurtzel with two counts of petit theft. In lower tribunal case number 2019-CF-86, the State charged Wurtzel with one count of petit theft. In its probation revocation order, the trial court sentenced Wurtzel to thirty months in prison on each of these three counts, with the sentences to run concurrently.

[2] This section reads as follows: "A person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083." § 812.014(3)(c), Fla. Stat. (2019).

agreement. In the plea agreement, Wurtzel pled guilty to the charges and received a jail sentence of six months, followed by a probation term of forty-two months. Pertinent to this appeal, the plea agreement contained, and Wurtzel agreed to, a provision that required Wurtzel to leave Monroe County after the completion of the incarceration portion of his sentence, and to remain out of Monroe County during the forty-two-month probation term.[3] The trial court entered an April 4, 2019 probation order that included the "banishment" provision. Wurtzel did not appeal or otherwise challenge the probation order.

Wurtzel completed his six-month jail sentence and departed Monroe County. Immediately, however, he violated general conditions of his probation by failing to obtain his probation officer's consent to a change of residence and by not providing his probation officer a change of address. Eventually, he was arrested in Broward County and returned to Key West.

---

[3] At the April 4, 2019 hearing, the State and Wurtzel's public defender advocated for the plea agreement, which contained Wurtzel's agreement to depart from Monroe County for the duration of his probation. Wurtzel asked the trial court to approve the special condition, stating that he had no ties to the community and wished to return to a homeless shelter in Delray Beach, Florida. A representative of the Department of Corrections advised the trial court that a homeless shelter could not serve as a forwarding address. Wurtzel responded that, during his remaining three months in jail in Key West, he would establish a legitimate forwarding address. With these stipulations, the trial court overcame some hesitance and approved the plea agreement.

At Wurtzel's September 12, 2019 probation violation hearing, the trial court gave Wurtzel a second chance. It entered a September 18, 2019 Order on Modification of Probation, *nunc pro tunc* to September 12, 2019, which restored the April 4, 2019 terms and conditions of probation and added a second special probation condition to Wurtzel's probation. This second condition required Wurtzel to be transported to and to reside in a Broward County alcohol rehabilitation facility and to remain there until the successful completion of its treatment program. Wurtzel did not appeal or otherwise challenge this modified probation order. Wurtzel departed Monroe County a second time and entered the rehabilitation program. Wurtzel, however, left the program without permission and without completing it. Arrested in Palm Beach County, he was again returned to Key West to face his second probation violation hearing.

Wurtzel's second probation violation hearing occurred on April 24, 2020. The trial court gave Wurtzel a third chance. On April 29, 2020, the trial court entered a second Order on Modification of Probation, *nunc pro tunc* to April 24, 2020, which restored the terms and conditions of Wurtzel's probation and ordered him to leave Monroe County within six days. Wurtzel did not appeal or otherwise challenge this modified probation order. Wurtzel proceeded to violate probation by remaining in Monroe County and by not advising his probation officer of both a destination and proof of departure. He was arrested by Key West police.

4

At his third probation violation hearing, held on September 11, 2020, Wurtzel explained that he was unable to provide a forwarding address due to the pandemic, and further that his family in New Jersey was now willing to take him in but he could not travel to New Jersey under the terms of his probation. The trial court revoked Wurtzel's probation and entered the challenged sentencing order.[4] We, *sua sponte*, consolidated the appeals of each of the lower tribunal cases, and granted Wurtzel's motion to expedite his appeal.

## II. Analysis

Wurtzel does not challenge (i) the trial court's determination that he violated the special condition of his probation requiring him to leave Monroe County, (ii) the validity of the trial court's thirty-month prison sentence, or (iii) any other proceeding occurring after the trial court's entry of the April 4, 2019 probation order or its subsequent modifications. Rather, Wurtzel argues that the agreed-to special condition of banishment from Monroe County contained in the trial court's April 4, 2019 probation order – and re-stated in the modifications – is not a valid special

---

[4] The facts demonstrate that Wurtzel's difficulties in abiding by the conditions of his probation begin with his ongoing failure to communicate with his probation officer. As this Court has observed: "Although we recognize that a homeless probationer may find it challenging to report to his probation officer as directed, homelessness alone does not justify or excuse a probationer's failure to report." Duquesne v. State, 242 So. 3d 1183, 1186 (Fla. 3d DCA 2018).

5

condition of probation because there is no nexus between his petit thefts and the banishment special condition. Biller v. State, 618 So. 2d 734 (Fla. 1993).

In this appeal, however, our review is expressly limited by section 924.06(2) of the Florida Statutes, which, in relevant part, provides as follows: "An appeal of an order revoking probation may review *only* proceedings after the order of probation." § 924.06(2), Fla. Stat. (2020) (emphasis added). We therefore do not reach the issue of, and we express no opinion regarding, the special condition's validity, because section 924.06(2) limits the scope of our review of a probation revocation order only to those proceedings occurring after the issuance of the probation order. In an appeal of a probation revocation order, an appellate court does not have appellate jurisdiction to review the validity of the underlying restriction contained in the probation order. Matthews v. State, 736 So. 2d 72, 74-75 (Fla. 4th DCA 1999) (en banc); see also Stuart v. State, 353 So. 2d 165, 166 (Fla. 3d DCA 1977). For a defendant to obtain appellate review of the validity of a special condition of probation, the defendant must appeal the probation order that contains the condition. State v. Jacobson, 536 So. 2d 373, 375 (Fla. 1988). Not only did Wurtzel not appeal the probation orders containing the special condition of which he now complains, he urged the trial court to implement the special condition.

Section 924.06(2)'s restraint on appellate review has an ethical aspect that is implicated in this case. The statute prevents a criminal defendant from gaining his

6

release from incarceration by agreeing to probation conditions, then, after benefitting from the court's mercy, challenging the validity of those probation conditions only upon his violation of such conditions. While Wurtzel purports to appeal the trial court's September 11, 2020 sentencing order, his challenge is to the special condition contained in the trial court's April 4, 2019 probation order. Section 924.06(2) prevents our review of Wurtzel's challenge.

**III. Conclusion**

Wurtzel appeals his probation revocation sentence solely on the basis that banishment is an invalid special condition of probation. Wurtzel does not appeal from any proceeding occurring after the trial court's entry of the April 4, 2019 probation order or its subsequent modifications. Section 924.06(2) limits our scope of review to proceedings occurring after the trial court's entry of the probation orders. As such, we do not have jurisdiction to review Wurtzel's challenge.

Appeal dismissed.

7