# Third District Court of Appeal

## State of Florida

Opinion filed April 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1954
Lower Tribunal No. F15-23351
_____

**Andres Duquesne,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Andres Duquesne, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before HENDON, GORDO and LOBREE, JJ.

PER CURIAM.

Andres Duquesne appeals from the summary denial of a motion to

correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). On the basis of the summary record before us, we reverse and remand for further proceedings.

In 2016, pursuant to a guilty plea, Duquesne was adjudicated guilty for two third-degree felonies – burglary of an unoccupied conveyance and grand theft. At that time, he was sentenced to jail for 180 days, followed by two years of probation. These initial sentences were concurrent, and the sentencing order did not include any form of habitual offender designation, reclassification, or other enhancement.

After Duquesne was found to have violated probation in 2017, he was resentenced to a term of ten years with all credit for time served for counts one and two. Again, the written sentencing order did not include any habitual offender designation of the defendant, nor did it include any other form of enhancement or reclassification. The sentencing order further provided that the two ten-year sentences were concurrent.[1]

In May 2022, Duquesne moved to correct his illegal sentence arguing that the trial court, when resentencing him in 2017, erred by imposing a

---

[1] On appeal, we found violations of Duquesne's probation were substantial (failing to report, absconding from probation, and committing a theft while on probation), but remanded for the trial court to modify the grounds found in the revocation order. See Duquesne v. State, 242 So. 3d 1183, 1187 (Fla. 3d DCA 2018).

habitual felony offender (HFO) sentence, when no such sentence had been imposed as a part of the original sentencing, and where he did not receive notice of intent to impose a habitual offender sentence. The State responded and asserted that Duquesne's claim had no merit because the sentencing documents reflected that he had not been designated as a habitual offender in this case. On the basis of that response, the lower court denied the motion, stating that after a review of the transcripts and court records, "[t]he Defendant was not sentenced as a habitual felony offender upon revocation of his probation."

Duquesne moved for rehearing and clarified his argument. Relevantly, he asserted:

> If the sentences are non-HFO, as this Court holds, then the two sentences running concurrent would equal 5 years in length and not ten years as . . . orally pronounced [referencing a transcript excerpt of the probation violation hearing]. The two 5-year non-HFO sentences would have to run consecutively to equate to the 10 years Duquesne is now serving. . . . The only scenario in which the two 10-year sentences running concurrent can exist is if the two third-degree felony offenses are HFO sentences.

The lower court denied the motion for rehearing, finding that: 1) the oral pronouncement controls over the written sentence; 2) the oral pronouncement did not assert that the sentences were to run concurrently; and 3) it was therefore evident that the court intended the sentences to run consecutively.

3

On appeal, Duquesne argues that the two offenses for which he was convicted and sentenced after the revocation of probation were third-degree felonies, so the maximum sentence that could be imposed for each of those offenses was five years under section 775.082(3)(e), Florida Statutes (2015), absent some form of statutory enhancement or reclassification. In response, the State acknowledges that the two sentences of ten years each exceed the statutory maximum, and would thus be illegal, unless supported by some form of statutory enhancement or reclassification, none of which appear in the attachments to any of the motions, responses, or order.[2] Additionally, the written sentence further imposed a general sentence of ten years, without dividing the sentence between the two offenses. See Brazley v. State, 871 So. 2d 986 (Fla. 3d DCA 2004); Fla. R. Crim. P. 3.701(d)(12).

Accordingly, on remand, if the trial court does not have any documentation reflecting a statutory enhancement that would permit sentences in excess of the statutory maximum of five years for each offense,

---

[2] The State notes that it is also legal for a sentence to exceed the statutory maximum sentence under section 775.082 when the total points in the Criminal Punishment Code sentencing scoresheet result in the lowest permissible sentence that exceeds the statutory maximum. § 921.0024(2), Fla. Stat. (2015). However, the lowest permissible sentence cannot be ascertained on the summary record in this appeal, as the scoresheet is not appended to any of the pleadings or orders.

then the court should resentence Duquesne.  Duquesne contends that the rule of lenity mandates that on remand, he should be resentenced to no more than two concurrent, five-year terms, which would entitle him to immediate release.  We disagree.  A trial court may exercise its discretion to restructure a defendant's challenged sentences to accomplish its previously declared sentencing goal by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive. See Sands v. State, 899 So. 2d 1208, 1210-11 (Fla. 5th DCA 2005); Herring v. State, 411 So. 2d 966 (Fla. 3d DCA 1982).

Reversed and remanded for further proceedings consistent herewith.